11-4918-ag
*Bechtel v. Admin. Review Bd.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2012

(Submitted: December 7, 2012                    Decided: March 5, 2013)

Docket No. 11-4918-ag

_____

J. SCOTT BECHTEL,

*Petitioner*,

v.

ADMINISTRATIVE REVIEW BOARD, UNITED STATES DEPARTMENT OF LABOR,
COMPETITIVE TECHNOLOGIES INCORPORATED,

*Respondents*.

_____

Before: CABRANES, RAGGI, and HALL, Circuit Judges.

Petitioner J. Scott Bechtel seeks review of a September 30, 2011 final decision and order of

the Administrative Review Board ("ARB") of the United States Department of Labor ("DOL"),

affirming an administrative law judge's ("ALJ") order dismissing Bechtel's retaliation claim under the

Sarbanes-Oxley Act (the "Act"), 18 U.S.C. § 1514A. We take this opportunity to clarify the burden-

shifting framework applicable to whistleblower retaliation claims under the Act. To prevail on a

retaliation claim under § 1514A, an employee must prove by a preponderance of the evidence that

(1) he or she engaged in a protected activity; (2) the employer knew that he or she engaged in the

protected activity; (3) he or she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action. Even if the employee proves these elements by a preponderance of the evidence, the employer may rebut this *prima facie* case with clear and convincing evidence that it would have taken the same adverse action in the absence of any protected activity. Here, the ARB applied the correct standard in reviewing Bechtel's claim and did not otherwise act arbitrarily, capriciously, or not in accordance with law.

Petition for review denied.

Kirstin Marie Jahn, Jahn & Associates, LLC, Boulder, CO; David Bruce Shine, Law Office of D. Bruce Shine, Kingsport, TN, *for Petitioner.*

Dean A. Romhilt, Trial Attorney; M. Patricia Smith, Solicitor of Labor; Jennifer S. Brand, Associate Solicitor; Megan E. Guenther, Counsel for Whistleblower Programs, U.S. Department of Labor, Washington, DC, *for Respondent Administrative Review Board, Department of Labor.*

Garrick A. Sevilla, Mary E. Pivec, Williams Mullen, Raleigh, NC, and Washington, DC, *for Respondent Competitive Technologies, Inc.*

JOSÉ A. CABRANES, *Circuit Judge*:

Petitioner J. Scott Bechtel seeks review of a September 30, 2011 final decision and order of the Administrative Review Board ("ARB") of the United States Department of Labor ("DOL"), affirming an administrative law judge's ("ALJ") order dismissing Bechtel's retaliation claim under the Sarbanes-Oxley Act (the "Act"), 18 U.S.C. § 1514A. We take this opportunity to clarify the burden-shifting framework applicable to whistleblower retaliation claims under the Act. For the reasons stated below, the petition for review is denied.

## BACKGROUND

Competitive Technologies, Inc. ("CTI") is a publicly held company that acts as an agent for patent-holders seeking to license or sell technologies to entities that will bring the technologies to

market. CTI hired Bechtel in February 2001 to serve as vice president of technology commercialization. Bechtel's job consisted of identifying clients, acquiring rights to their technologies, and licensing those technologies to generate licensing fees for CTI. At the time Bechtel was hired, CTI was not profitable—indeed, CTI reported net operating losses for the fiscal years ending July 31, 2001, July 31, 2002, and July 31, 2003.

In June 2002, CTI hired John Nano to serve as president and CEO. Nano aimed to generate immediate revenue for the company, in order to prevent bankruptcy. Soon after Nano joined the company, he and Bechtel began to disagree. For example, in October 2002, Bechtel reported to CTI's general counsel that he suspected Nano of not complying with certain legal requirements, though it is unclear whether those suspicions had any firm foundation.

In December 2002 and March 2003, CTI asked Bechtel to join a committee to review CTI's financial transactions and make recommendations regarding the Act's disclosure requirements. During both meetings, Bechtel argued that certain aspects of the company's finances should be disclosed, pursuant to the Act. The other members of the committee disagreed. Bechtel, worried about his own liability under the Act, refused to sign the relevant disclosure forms.

Meanwhile, CTI's financial condition did not improve. In May 2003, CTI's board of directors approved Nano's proposal to reduce operating costs by, among other things, discharging personnel, including Bechtel. On June 30, 2003, after CTI's situation had further deteriorated, Nano fired Bechtel.

As this case already has a lengthy procedural history, we recount only the relevant events here. In September 2003, Bechtel filed a Sarbanes-Oxley Act whistleblower complaint with the Occupational Safety and Health Administration ("OSHA"), an agency within the DOL, alleging principally that CTI illegally retaliated against him because he refused to sign the Sarbanes-Oxley Act disclosure forms. In February 2005, after investigating the complaint, the Regional Administrator of

3

OSHA determined that there was reasonable cause to believe that CTI had violated the Act. Based on this ruling, OSHA ordered that Bechtel receive, among other relief, reinstatement, back wages, and compensatory damages.

CTI then filed objections to OSHA's findings and requested a formal hearing before an ALJ. On October 5, 2005, after a hearing, the ALJ denied the relief sought by Bechtel and dismissed Bechtel's complaint. Bechtel appealed that decision to the ARB, which, on March 26, 2008, remanded the case to the ALJ after determining that the ALJ had not applied the appropriate legal standard under the Act. On remand, the ALJ once again dismissed the complaint in a decision and order dated January 20, 2009. Finally, on September 30, 2011, the ARB affirmed the ALJ's second order dismissing the complaint. *See Bechtel v. Competitive Technologies, Inc.*, ARB Case No. 09-052, 2011 WL 4889269 (ARB Sept. 30, 2011).

This appeal followed.

## DISCUSSION

When reviewing a final decision and order of the ARB regarding a whistleblower retaliation claim brought pursuant to 18 U.S.C. § 1514A, Courts of Appeals are directed to use the rules and procedures set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06. 49 U.S.C. § 42121(b)(4)(A) ("Review [by a Court of Appeals] shall conform to [5 U.S.C. §§ 701–06].").[1] We will uphold a decision by the ARB if it is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), or "unsupported by substantial evidence," *id.* § 706(2)(E). Under this deferential standard of review, "we must assess, among other matters, whether the decision was based on a consideration of the relevant factors and whether there

---

[1] As explained below, the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42121(b), governs the standards for claims brought under the whistleblower protection provisions of the Sarbanes-Oxley Act.

4

has been a clear error of judgment." *Judulang v. Holder*, 565 U.S. ----, 132 S. Ct. 476, 484 (2011) (internal quotation marks omitted). We will set aside the ARB's decision only if it

> has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Nat'l Assoc. of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 658 (2007) (quotation marks omitted).

## A. Statutory Framework

Section 806 of the Sarbanes-Oxley Act, 15 U.S.C. § 1514A, seeks to combat what Congress identified as a corporate "culture, supported by law, that discourage[s] employees from reporting fraudulent behavior not only to the proper authorities, such as the FBI and the SEC, but even internally." S. Rep. No. 107-146, at 5 (2002). To accomplish this goal, § 1514A "protects 'employees when they take lawful acts to disclose information or otherwise assist . . . in detecting and stopping actions which they reasonably believe to be fraudulent.'" *Guyden v. Aetna, Inc.*, 544 F.3d 376, 383 (2d Cir. 2008) (quoting S. Rep. No. 107-146, at 19). Specifically, § 1514A makes it unlawful for publicly traded companies to "discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee . . . to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of" certain laws, rules, and regulations addressing various types of fraud.[2] 18 U.S.C. § 1514A(a)(1).

---

[2] In full, 18 U.S.C. § 1514A(a) provides:

**Whistleblower protection for employees of publicly traded companies.**—No company with a class of securities registered under section 12 of the Securities Exchange Act of 1934 (15 U.S.C. [§] 78*l*), or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. [§] 78*o*(d)) including any subsidiary or affiliate whose financial information is included in the consolidated financial statements of such company, or nationally recognized statistical rating

5

The relevant burdens of proof for whistleblower retaliation claims under § 1514A are contained in the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21"), 49 U.S.C. § 42121(b), *see* 18 U.S.C. § 1514A(b)(2),[3] and the Code of Federal Regulations at 29 C.F.R. §§ 1980.100–1980.115. Although we have not previously described the elements and burdens of proof set forth by these provisions, *see* 49 U.S.C. § 42121(b)(2)(B)(iii), (iv); 29 C.F.R. § 1980.109(a), (b),[4] our sister Courts of Appeals have. As they have explained:

organization (as defined in section 3(a) of the Securities Exchange Act of 1934 (15 U.S.C. [§] 78c), or any officer, employee, contractor, subcontractor, or agent of such company or nationally recognized statistical rating organization, may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee—

**(1)** to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by—

**(A)** a Federal regulatory or law enforcement agency;

**(B)** any Member of Congress or any committee of Congress; or

**(C)** a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct); or

**(2)** to file, cause to be filed, testify, participate in, or otherwise assist in a proceeding filed or about to be filed (with any knowledge of the employer) relating to an alleged violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.

[3] In actions proceeding in a federal district court pursuant to 18 U.S.C. § 1514A(b)(1)(B), the Act provides that the action "shall be governed by the legal burdens of proof set forth in [49 U.S.C. §] 42121(b)." In administrative actions under 18 U.S.C. § 1514A(b)(1)(A), such as the present case, the Act provides, more generally, that the action "shall be governed under the rules and procedures set forth in [49 U.S.C. §] 42121(b)." As used here, the term "rules and procedures" plainly encompasses burdens of proof, and therefore the burdens of proof set forth in 49 U.S.C. § 42121(b) apply to administrative actions seeking relief under 18 U.S.C. § 1514A(b)(1)(A).

[4] The relevant portions of 49 U.S.C. § 42121(b)(2)(B) provide:

**(iii) Criteria for determination by Secretary.**—The Secretary may determine that a violation of subsection (a) has occurred only if the complainant demonstrates that any behavior described in paragraphs (1) through (4) of subsection (a) was a contributing factor in the unfavorable personnel action alleged in the complaint.

**(iv) Prohibition.**—Relief may not be ordered under subparagraph (A) if the employer demonstrates by clear and convincing evidence that the employer would have taken the same unfavorable personnel action in the absence of that behavior.

49 U.S.C. § 42121(b)(2)(B)(iii), (iv). Similarly, the relevant portions of 29 C.F.R. § 1980.109 provide:

"To prevail under [§ 1514A], an employee must prove by a preponderance of the evidence that (1) she engaged in protected activity; (2) the employer knew that she engaged in the protected activity; (3) she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action. If the employee establishe[s] these four elements, the employer may avoid liability if it can prove 'by clear and convincing evidence' that it 'would have taken the same unfavorable personnel action in the absence of that protected behavior.'"

*Harp v. Charter Commc'ns, Inc.*, 558 F.3d 722, 723 (7th Cir. 2009) (alterations omitted) (quoting *Allen v. Admin. Review Bd.*, 514 F.3d 468, 475–76 (5th Cir. 2008), in turn quoting 49 U.S.C. § 42121(b)(2)(B)(iv)). We agree that this framework is established by the relevant regulations and is consistent with the statute.[5] *See* 49 U.S.C. § 42121(b)(2)(B)(iii), (iv); 29 C.F.R. § 1980.109(a), (b).

---

(a) The decision of the ALJ will contain appropriate findings, conclusions, and an order pertaining to the remedies provided in paragraph (d) of this section, as appropriate. A determination that a violation has occurred may be made only if the complainant has demonstrated by a preponderance of the evidence that protected activity was a contributing factor in the adverse action alleged in the complaint.

(b) If the complainant has satisfied the burden set forth in the prior paragraph, relief may not be ordered if the respondent demonstrates by clear and convincing evidence that it would have taken the same adverse action in the absence of any protected activity.

29 C.F.R. § 1980.109(a), (b).

[5] 29 C.F.R. § 1980.109(a), which supplies the governing standard for the ALJ's decision, provides that the complainant must prove "by a preponderance of the evidence that protected activity was a contributing factor in the adverse action alleged in the complaint." Earlier in the same Chapter, the regulations subdivide this *prima facie* case into four elements, as it relates to the investigatory stage:

(i) The employee engaged in a protected activity; (ii) The [employer] knew or suspected that the employee engaged in the protected activity; (iii) The employee suffered an adverse action; and (iv) The circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the adverse action.

29 C.F.R. § 1980.104(e)(2). Although the second of these elements is not expressly stated in either 49 U.S.C. § 42121(b)(2)(B)(iii) or 29 C.F.R. § 1980.109(a), it is implicit that before certain conduct can be "a contributing factor" to an employer's decision, the employer must at least suspect that the employee has engaged in that conduct. We therefore agree with our sister circuits that the same basic four-part framework of the complainant's *prima facie* case applies not only when deciding whether the allegations are legally sufficient, *see id.* § 1980.104(e)(2), but also when an ALJ considers whether the complainant has satisfied his or her evidentiary burden under 49 U.S.C. § 42121(b)(2)(B)(iii). *See Harp*, 558 F.3d at 723 (citing 29 C.F.R. § 1980.104(b)(1)); *Allen*, 514 F.3d at 476 (same). As other circuits and the ARB have noted, however, at the *evidentiary* stage, the fourth element requires the complainant to prove by a preponderance of the evidence that the "protected activity was a contributing factor in the adverse action," 29 C.F.R. § 1980.109(a), and not merely show that "[t]he circumstances were sufficient to raise the inference that the protected activity was a contributing factor in the adverse action," 29 C.F.R. § 1980.104(e)(2). *See Harp*, 558 F.3d at 723; *Allen*, 514 F.3d at 476; *Bechtel v. Competitive Technologies, Inc.*, ARB Case No. 06-010, 2008 WL 7853800, at *4 (ARB Mar. 26, 2008).

## B. The ALJ's Standard

Bechtel's central argument on appeal is that, even after the ARB remanded the case, the ALJ persisted in applying an erroneous legal standard. He argues that, for this reason, the ARB's second and final decision, affirming the ALJ's determination, ought to be reversed.

In the words of the ARB, the ALJ's second decision "is not easily deciphered." *Bechtel*, 2011 WL 4889269, at *1. In that decision, the ALJ, relying upon the ARB's 2008 remand order, stated clearly and accurately the correct legal framework for evaluating a claim under § 1514A. *See* Joint App'x at 114. Unfortunately, the ALJ then proceeded to make further elaborations. She explained that until the employee meets his or her burden of proof, the employer "need only articulate a legitimate business reason for its action." *Id.* According to the ALJ, if the employer presents evidence of a legitimate reason for the adverse action, the employee may prevail by proving "by a preponderance of the evidence that the employer's articulated legitimate reason is pretext for discrimination," *id.*—apparently an alternative to proving the four elements of the complainant's *prima facie* case, as required under the statute and relevant regulations. If the employee proves pretext, the ALJ asserted, the employer may avoid liability by presenting clear and convincing evidence that it had a nondiscriminatory justification for the adverse employment action. *Id.* In other words, the ALJ seems to have thought that, in addition to the framework specified by the statute and regulations, there existed a second burden-shifting system that applied when the complainant failed to prove a *prima facie* case by a preponderance of the evidence.

The ALJ's alternative burden-shifting scheme has no basis in any relevant law or regulation, and is simply incorrect. *See* note 4, *ante*. Indeed, the ARB observed as much. *Bechtel*, 2011 WL 4889269, at *10 & n.91. As noted above, Bechtel's sole burden was to prove, by a preponderance of the evidence, that his protected activity contributed to the adverse employment action. If he had

8

successfully made such a showing, the burden would then have shifted to CTI to prove, by clear and convincing evidence, that it would have taken the same action absent Bechtel's protected activity.

The ALJ's error is beside the point, however, because the ARB recognized that error and explained why it did not affect the outcome of the case. *Cf. Nat'l Assoc. of Home Builders*, 551 U.S. at 659 ("The federal courts ordinarily are empowered to review only an agency's *final* action, *see* 5 U.S.C. § 704, and the fact that a preliminary determination by a local agency representative is later overruled at a higher level within the agency does not render the decisionmaking process arbitrary and capricious."). In particular, the ARB concluded, relying on the evidentiary findings of the ALJ, that Bechtel had failed to prove by a preponderance of the evidence that his protected activity was a contributing factor in the adverse employment action. *Bechtel*, 2011 WL 4889269, at *7–10. Because Bechtel's failure to prove this element was a sufficient reason to rule against his claim, the ALJ's legal error with respect to an additional aspect of his claim is immaterial.[6]

In these circumstances, there was no need for the ARB to remand a second time to the ALJ when the correct outcome was clear. Indeed, the Administrative Procedure Act itself includes "the same kind of 'harmless-error' rule that courts ordinarily apply in civil cases." *Shinseki v. Sanders*, 556 U.S. 396, 406 (2009); *see* 5 U.S.C. § 706 ("[A] court shall review the whole record . . . and due account shall be taken of the rule of prejudicial error"); *cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006) ("[A]n error does not require a remand if the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error."). The ARB did not, therefore, act arbitrarily or capriciously, or abuse its discretion, in finding that the ALJ's error was harmless and in affirming the dismissal of the complaint.

---

[6] It is worth noting that the ALJ's determination that Bechtel had failed to prove that CTI's asserted business reason for the adverse action was pretextual, while beside the point, only underscores the conclusion by the ALJ and ARB that Bechtel did not carry his burden of proving that his protected activity was a contributing factor in his discharge.

9

### C. Proof by "Inference"

Bechtel also argues that the ALJ erred on remand by requiring him to prove the elements of his case "by a preponderance of the evidence *and not by mere inference*." Joint App'x 114 (emphasis supplied). Bechtel contends that he was entitled to prove his case "by inference," and that we should resuscitate the ALJ's finding in her original 2005 order that his protected activities contributed to his discharge.

Bechtel's logic is flawed in several respects. First, the ALJ's reference in her second order to proof "by mere inference" simply was a response to the improper burden-shifting framework used in her first order, *see* Joint App'x 114 n.3, and was not, as Bechtel suggests, an assertion that she could make no factual inferences from the evidence. For instance, the ALJ considered the timing of the protected activity relative to the timing of the adverse action, *see* Joint App'x 117–18, which is an inference-based assessment. The fact that the ALJ declined to make that inference in favor of Bechtel, of course, does not demonstrate that she applied an erroneous standard. Second, Bechtel offers no basis for us now to resuscitate a specific finding of the ALJ that was vacated by the ARB and then replaced with new factual findings of the ALJ on remand. The ARB did not err, much less act arbitrarily or capriciously or in abuse of its discretion, in affirming the dismissal of Bechtel's complaint, notwithstanding the ALJ's comment regarding proof "by mere inference."

### D. Loss of Status as an Officer

Bechtel contends that the ALJ incorrectly found that his loss of status as an officer of CTI did not constitute a prohibited act within the meaning of the Act. *See* 29 C.F.R. § 1980.102(a) (setting out prohibited acts). As he concedes, however, he did not raise this issue before the ARB, *see* Reply Br. 19, and we will not consider it for the first time on appeal. *See Formella v. U.S. Dep't of Labor*, 628 F.3d 381, 390 (7th Cir. 2010) ("[I]n an adversarial setting it is reasonable to expect the parties to raise and develop any issues that they want the ALJ and the ARB to address, on pain of

10

forfeiting any issues that they do not mention." (citing *Sims v. Apfel*, 530 U.S. 103, 109–10 (2000)); *see also United States v. Dupree*, --- F.3d ----, 2013 WL 309983, at *3 (2d Cir. Jan. 28, 2013) ("[W]e will not consider matters raised for the first time on appeal.").

## E.  Blacklisting Claim

Bechtel argues that "[t]he ARB incorrectly addressed [his] post-employment blacklisting claim." Pet'r's Br. 43. There seems to be some confusion surrounding the disposition of this claim by the ALJ and ARB. In her 2005 decision, the ALJ dismissed this claim, determining that she had no authority to consider a claim that OSHA had not investigated. Joint App'x 80. Because the ARB did not address that issue in its 2008 remand order, the ALJ, in her 2009 decision, simply incorporated the text of her 2005 decision with respect to Bechtel's post-employment claim. *Id.* at 122. The ARB then upheld the ALJ's dismissal of this claim on slightly different grounds, explaining that no evidence in the record showed that Bechtel amended his complaint to include allegations relating to the supposed post-employment blacklisting. *Bechtel*, 2011 WL 4889269, at *12; *see* 29 C.F.R. § 18.5(e) (setting out the procedure for amending complaints before an ALJ).

Bechtel now argues that the ARB erred in determining that he did not amend his complaint and refers us to two letters addressed to OSHA from his attorney. Pet'r's Br. at ADD-1–10. He claims that these letters provide evidence that he did indeed amend his complaint. These letters, however, were not part of the administrative record and are not properly before us on this appeal. *See Kappos v. Hyatt*, 566 U.S. ----, 132 S. Ct. 1690, 1696 (2012) ("Under the APA, judicial review of an agency decision is typically limited to the administrative record."); *Riverkeeper, Inc. v. EPA*, 358 F.3d 174, 184 (2d Cir. 2004) ("Review under [5 U.S.C. § 706] is narrow, limited to examining the administrative record to determine whether the agency decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." (alteration and internal quotation marks omitted)). We therefore have no reason to conclude that the ARB's decision was

11

arbitrary or capricious or that it was not based on substantial evidence found in the record. *See* 5 U.S.C. § 706.

## F. Evidentiary Rulings

Finally, Bechtel argues that the ARB erred in two evidentiary rulings. First, he contends that the ARB should have reversed the ALJ's denial of his motion to compel additional discovery. Second, he asserts that the ARB should have taken official notice of a proceeding concerning CTI and John Nano in the United States District Court for the District of Connecticut. *See* 29 C.F.R. § 18.201 (governing official notice of adjudicative facts).

Substantially for the reasons stated by the ARB,[7] we find no merit to Bechtel's claim that the ARB should have reversed the ALJ's denial of the motion to compel. *Bechtel*, 2011 WL 4889269, at *12–13. Similarly, we find no abuse of discretion in the ARB's decision not to take judicial notice of *allegations* relating to John Nano's character and credibility in a separate case. *See* 29 C.F.R. § 18.201(b);[8] *cf. Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70–71 (2d Cir. 1998) (testimony from another case regarding facts that are not common knowledge or derived from an unimpeachable source is not properly subject to judicial notice). In short, we conclude that the ARB's decision with respect to these issues was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

---

[7] The ARB concluded that the ALJ did not abuse her discretion when she determined that CTI's general ledger, the production of which Bechtel sought to compel, was not relevant to the case because, *inter alia*, (1) it would not prove whether CTI needed to cut operating costs and increase revenues, and (2) Bechtel had the opportunity to examine CTI's controller regarding the relevant figures. *See Bechtel*, 2011 WL 4889269, at *13.

[8] 29 C.F.R. § 18.201(b) provides:

An officially noticed fact must be one not subject to reasonable dispute in that it is either:

(1) Generally known within the local area,

(2) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, or

(3) Derived from a not reasonably questioned scientific, medical or other technical process, technique, principle, or explanatory theory within the administrative agency's specialized field of knowledge.

**CONCLUSION**

To summarize, we hold:

(1)     To prevail on a Sarbanes-Oxley whistleblower retaliation claim under 18 U.S.C. § 1514A, an employee must prove by a preponderance of the evidence that (1) he or she engaged in a protected activity; (2) the employer knew that he or she engaged in the protected activity; (3) he or she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action. 49 U.S.C. § 42121(b)(2)(B)(iii); 29 C.F.R. § 1980.109(a); *id.* § 1980.104(e)(2). If the employee proves these four elements, the employer may rebut this *prima facie* case with clear and convincing evidence that it would have taken the same unfavorable personnel action in the absence of the protected behavior. 49 U.S.C. § 42121(b)(2)(B)(iv); 29 C.F.R. § 1980.109(b).

(2)     The ARB did not act arbitrarily or capriciously, or abuse its discretion, in affirming the ALJ's dismissal of the complaint under the correct legal standard.

(3)     Petitioner's remaining claims lack merit.

The petition for review is **DENIED**.