12-5133-ag
Galinsky v. U.S. Dep't of Labor

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
>> *Chief Judge,*
> RICHARD C. WESLEY,
>> *Circuit Judges.*[1]

———————————————————————

Boris Galinsky,

> *Petitioner*,

> v.                                                    No. 12-5133-ag

United States Department of Labor,
Administrative Review Board,

> *Respondent*,

Bank of America Corporation,

> *Intervenor*.

———————————————————————

---

[1]  Judge Raymond J.  Lohier, Jr., originally assigned to this panel, recused himself from this case.  The remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

FOR PETITIONER:                          Boris Galinsky, *pro se*, Newark, NJ.

FOR RESPONDENT:                          M. Patricia Smith, Solicitor of Labor; Jennifer S.
                                         Brand, Associate Solicitor; William C. Lesser,
                                         Deputy Associate Solicitor; Megan E. Guenther,
                                         Counsel for Whistleblower Programs; Mary J.
                                         Rieser, Attorney; U.S. Department of Labor,
                                         Washington, DC.

FOR INTERVENOR:                          Valecia M. McDowell, Mark A. Nebrig, and Frank
                                         E.  Schall, Moore & Van Allen PLLC, Charlotte,
                                         NC.


     **UPON DUE CONSIDERATION** of this petition for review of a decision by the United States Department of Labor, Administrative Review Board ("ARB"), it is hereby **ORDERED, ADJUDGED, AND DECREED,** that the petition for review is **DENIED.**

     Petitioner Boris Galinsky, *pro se*, seeks review of an October 31, 2012 decision of the ARB, affirming the dismissal by an administrative law judge ("ALJ") of his complaints alleging retaliation under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

     We apply the rules and procedures set forth in the Administrative Procedure Act ("APA") to review a final decision by the ARB on a whistleblower retaliation claim under 18 U.S.C. § 1514A. *See* 18 U.S.C. § 1514A(b)(2)(A); 49 U.S.C. § 42121(b)(4)(A); *Bechtel v. Admin. Review Bd.*, 710 F.3d 443, 445 (2d Cir. 2013).  We will uphold a decision by the ARB unless it is "unsupported by substantial evidence" or is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A), (E); *see Bechtel*, 710 F.3d at 445-46.

To state a *prima facie* claim of retaliation under 18 U.S.C. § 1514A, an employee must show that: (1) he engaged in a protected activity or conduct; (2) the employer knew of that activity or conduct; (3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action. *See Bechtel*, 710 F.3d at 447.  If the employee establishes these four elements, the burden of proof shifts to the employer to prove by clear and convincing evidence that it would have taken the same action absent his protected activity.  *See id.*; 49 U.S.C. § 42121(b)(2)(B)(iv).

Here, a review of the administrative record and case law reveals that the ARB applied the correct legal standard and its decision was supported by substantial evidence. We have considered all of Petitioner's arguments to the contrary, and find them to be without merit.  The petition for review is accordingly **DENIED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3