13-3124-ag
*Unified Turbines, Inc. v. U.S. Dep't of Labor*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of September, two thousand fourteen.

Present:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judge*s.

---

UNIFIED TURBINES, INC.,

> *Petitioner*,

v.                                                      No. 13-3124-ag

UNITED STATES DEPARTMENT OF LABOR,

> *Respondent*,

JOHN NAGLE,

> *Intervenor.*

---

For Petitioner:                 JOHN LEWIS FRANCO, JR., Burlington, VT.

For Respondent:     SARAH J. STARRETTT, Attorney (M. Patricia Smith, Solicitor of Labor, Jennifer S. Brand, Associate Solicitor, William C. Lesser, Deputy Associate Solicitor for Fair Labor Standards, Megan E. Guenther, Counsel for Whistleblower Programs, *on the brief*), U.S. Department of Labor, Office of the Solicitor, Washington, DC.

For Intervenor:     LISA M. WERNER, Clark Werner & Flynn, P.C., Burlington, VT.

Petition for review of a decision by the United States Department of Labor, Administrative Review Board.

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED**.

Petitioner Unified Turbines, Inc., ("Unified") seeks review of a May 13, 2013 Final Decision and Order of the Administrative Review Board ("ARB") of the Department of Labor (re-issued June 12, 2013), affirming the determination of an administrative law judge ("ALJ") that Unified had violated the whistleblower protection provisions of the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century ("AIR 21"), 49 U.S.C. § 42121. In particular, the ALJ found that Unified had discharged employee John Nagle after Nagle had informed Unified that he suspected that another employee, "M," was abusing prescription medication. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under AIR 21, we review the ARB's Final Decision and Order in accordance with the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702–706. *See* 49 U.S.C. § 42121(b)(4)(A). "We will uphold a decision by the ARB if it is not 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' 5 U.S.C.

2

§ 706(2)(A), or 'unsupported by substantial evidence,' *id.* § 706(2)(E)." *Bechtel v. Admin. Review Bd.*, 710 F.3d 443, 445–46 (2d Cir. 2013). "Under this deferential standard of review, 'we must assess, among other matters, whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.' " *Id.* at 446 (quoting *Judulang v. Holder*, 132 S. Ct. 476, 484 (2011)). We have not decided whether to afford deference in analogous contexts to the ARB under *Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 842–43 (1984). *See Nielsen v. AECOM Tech. Corp.*, No. 13-235, -- F.3d --, 2014 WL 3882488, at *4 (2d Cir. Aug. 8, 2014). But some deference may nevertheless be due to the ARB because of the "thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944); *see also United States v. Mead Corp.*, 533 U.S. 218, 234–35 (2001).

AIR 21 prohibits air carriers and their contractors from "discharg[ing] an employee or otherwise discriminat[ing] against an employee with respect to compensation, terms, conditions, or privileges of employment because the employee . . . provided . . . to the employer or Federal Government information relating to any violation or alleged violation of any . . . regulation . . . of the Federal Aviation Administration . . . ." 49 U.S.C. § 42121(a). To prevail on a whistleblower retaliation claim under AIR 21,

> an employee must prove by a preponderance of the evidence that (1) [he] engaged in protected activity; (2) the employer knew that [he] engaged in the protected activity; (3) [he] suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action. If the employee establishes these four elements, the employer may avoid liability if it can prove by clear and convincing evidence that it would have taken the same unfavorable personnel action in the absence of that protected behavior.

3

*Bechtel*, 710 F.3d at 447 (quoting *Harp v. Charter Commc'ns, Inc.*, 558 F.3d 722, 723 (7th Cir. 2009) (brackets omitted)).

In its petition for review, Unified challenges the agency's determinations with respect to the first, third, and fourth elements of this test. With respect to the first element, we find to be supported by substantial evidence the ALJ's conclusion that Nagle's statement on December 16, 2008 that he saw M selling drugs outside of Unified and that M had "problems" constituted protected activity under AIR 21. The ALJ inferred from the language of Nagle's statement and his two prior protected complaints that Nagle viewed M's alleged drug sale as further evidence that M was abusing prescription medication and that his work was suffering. This inference is a logical reading of Nagle's statement, and the agency did not abuse its discretion in concluding that Nagle reasonably believed that such abuse was in violation of Federal Aviation Administration safety regulations.

As for the third element, Unified argues both that the ARB's interpretation of the statutory term "discharge" was erroneous and that substantial evidence does not support the agency's finding that Unified discharged Nagle when it did not follow up after Nagle failed to report to work following an altercation with M. The ARB interprets the term "discharge" in the whistleblower retaliation context to include situations in which an employee has not actually resigned, but "an employer . . . decides to interpret an employee's actions as a quit or resignation." *Klosterman v. E.J. Davies, Inc.*, ARB No. 08-035, 2010 WL 3878518, at \*5 (ARB Sept. 30, 2010). While this reading does not mirror the definition that we have applied to similar terms in other employment laws, the ARB has a significant expertise in handling whistleblower claims, c*f. Community Health Center v. Wilson-Coker*, 311 F.3d. 132, 138 (2d Cir. 2002), and

4

has consistently deployed this definition of discharge, *see Klosterman*, 2010 WL 3878518, at *5, which furthers the statute's purpose of protecting employees from retaliation. Accordingly, we defer to the ARB's reasonable interpretation. *See Skidmore*, 323 U.S. at 140. Moreover, we find that the agency's conclusion that Unified discharged Nagle was, under this standard, amply supported by substantial evidence in the record. Although Unified's position that Nagle voluntarily quit is not without some support in the record, that is insufficient to overturn the agency's conclusion under our deferential standard of review. *See Bechtel*, 710 F.3d at 446 (requiring a finding of no abuse of discretion where, *inter alia*, "the decision was based on a consideration of the relevant factors and . . . there has been [no] clear error of judgment").

Finally, with respect to the fourth element, Unified argues that substantial evidence does not support the agency's determination that Nagle's protected complaints were a "contributing factor" in Nagle's discharge. In particular, Unified challenges as based only on "speculation" the ALJ's conclusion that the "likely reason" for the December 24 altercation was that M was angry about Nagle's December 16 complaint. But the ALJ relied on substantial evidence in the record for this conclusion, including that Unified's owners testified that they likely told M of Nagle's complaint within a day or two of December 16 and that they told M it was Nagle who made the accusation; that Nagle and another witness testified credibly that M was the aggressor in the fight; and that there was no evidence in the record to support "any other reason for M being upset with Nagle" on that day. We therefore conclude that the ARB's adoption of the ALJ's conclusion that Nagle's protected complaint was a contributing factor in Nagle's discharge was not an abuse of discretion.

5

Accordingly, we find that the ARB's determination that Unified discharged Nagle in violation of AIR 21 was not an abuse of its discretion. We have considered Unified's remaining arguments and find them to be without merit. For the reasons stated herein, the petition for review is **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK