16-77-cv
Yang v. Navigators Grp., Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand sixteen.

PRESENT: PIERRE N. LEVAL,
ROBERT D. SACK,
REENA RAGGI,
         *Circuit Judges*.

-----------------------------------------------------------------------

JENNIFER YANG,

         *Plaintiff-Appellant*,

      v.                                  No. 16-77-cv

NAVIGATORS GROUP, INC.,

         *Defendant-Appellee*.

-----------------------------------------------------------------------

FOR APPELLANT:                 Daniel J. Kaiser, Kaiser Saurborn & Mair, P.C., New York, New York.

FOR APPELLEE:                 A. Michael Weber, Littler Mendelson, P.C., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Roman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 5, 2016, is VACATED, and the case is REMANDED for further proceedings.

Plaintiff Jennifer Yang appeals from an award of summary judgment in favor of defendant Navigators Group, Inc. on Yang's claim of retaliatory discharge for protected whistleblowing activity in violation of Section 806 of the Sarbanes-Oxley Act ("SOX"), *see* Pub. L. No. 107–204, § 806(a), 116 Stat. 745, 802–04 (2002) (codified at 18 U.S.C. § 1514A), and Section 922 of the Dodd-Frank Act, *see* Pub. L. No. 111–203, Title IX, § 922(a), 124 Stat. 1376, 1841–48 (2010) (codified at 15 U.S.C. § 78u–6(h)). We review an award of summary judgment *de novo* and will affirm only if the record, viewed in favor of the nonmoving party, shows no genuine disputes of material fact and the moving party's entitlement to judgment as a matter of law. *See Jackson v. Fed. Express*, 766 F.3d 189, 193−94 (2d Cir. 2014). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

To defeat summary judgment, a plaintiff alleging retaliatory discharge in violation of SOX must adduce facts sufficient to support a *prima facie* case: (1) her engagement in protected activity, (2) defendant's awareness of same, (3) plaintiff's suffering unfavorable

personnel action, and (4) the protected activity contributing to the unfavorable action. *See Bechtel v. Admin. Review Bd.*, 710 F.3d 443, 447 (2d Cir. 2013). If a plaintiff carries the burden, the defendant employer can still secure a favorable judgment by showing no genuine dispute that the record clearly and convincingly demonstrates that the employer's adverse action would have been taken even in the absence of protected activity. *See id.*; *Leshinsky v. Telvent GIT, S.A.*, 942 F. Supp. 2d 432, 441 (S.D.N.Y. 2013). The parties agree that the elements of a Dodd-Frank claim, while not identical, are sufficiently similar for the SOX standard to control review on this appeal.

Yang first disputes the district court's conclusion that she did not engage in protected activity by communicating concerns regarding Navigators' investment risk models because, "[e]xcluding Plaintiff's own deposition testimony and statements made in her own Declaration," insufficient evidence supported her claim. *Yang v. Navigators Grp., Inc.*, 155 F. Supp. 3d 327, 332 (S.D.N.Y. 2016). Yang's own testimony as to the communications at issue constituted admissible evidence and, thus, should not have been excluded from consideration in reviewing defendant's summary judgment motion. *See Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 57 (2d Cir. 1998) (declining to hold allegations insufficient to survive summary judgment merely because they were "self-serving"); *accord Walsh v. N.Y.C Hous. Auth.*, 828 F.3d 70, 80 (2d Cir. 2016). To the contrary, the testimony should have been viewed in the light most favorable to Yang, in which

3

circumstances it sufficed to give rise to a genuine dispute of material fact as to protected activity that precluded summary judgment.

Yang further disputes the district court's conclusion that her claims failed the fourth, "contributing factor" requirement of a *prima facie* case. Viewed most favorably to Yang, the record shows that she was terminated approximately two weeks after she told Navigators' general counsel that Navigators' proxy statement might contain misrepresentations regarding the adequacy of the company's risk models and how frequently the company's risk management subcommittees met. Such temporal proximity between protected activity and unfavorable personnel action can support a *prima facie* inference that the protected activity was a contributing factor to the termination. *See, e.g., Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013) (concluding that three-week period from protected activity to termination was "sufficiently short to make a *prima facie* showing of causation indirectly through temporal proximity"). The district court acknowledged the temporal proximity of Yang's protected activity and her termination but concluded nonetheless that the presence of a "legitimate intervening basis"—an allegedly disorganized and incoherent presentation by Yang to Navigators' senior executive team—sufficed to defeat Yang's *prima facie* case. *See Fraser v. Fiduciary Tr. Co. Int'l*, No. 04 Civ. 6958 (PAC), 2009 WL 2601389, at *6 (S.D.N.Y. Aug. 25, 2009) (noting temporal proximity inference may be undermined by "legitimate intervening basis" for adverse action (quoting *Tice v. Bristol-Myers Squibb Co.*, 2006–

4

SOX–20, 2006 WL 3246825, at *20 (Dep't of Labor Apr. 26, 2006))), aff'd, 396 F. App'x 734 (2d Cir. 2010).  In so ruling, the district court relied in its reasoning upon *Sharkey v. J.P. Morgan Chase & Co.*, No. 10 Civ. 3824 (RWS), 2015 WL 5920019 (S.D.N.Y. Oct. 9, 2015), which dismissed a SOX retaliatory discharge claim predicated on temporal proximity because of a purported "intervening basis" and the lack of a demonstrated link between the plaintiff's termination and the protected activity.  *See id.* at *14.

This court, however, vacated and remanded *Sharkey*, ruling that disputed facts as to the intervening basis precluded summary judgment.  *See Sharkey v. J.P. Morgan Chase & Co.*, --- F. App'x ----, 2016 WL 4820997, at *1 (2d Cir. Sept. 12, 2016).  The same conclusion obtains here.  Assuming *arguendo* that a legitimate intervening basis could defeat an inference from temporal proximity, Yang and her supervisors here offered substantially different accounts of her October 26, 2012 presentation to Navigators' executive team.  On such a record of conflicting accounts by interested parties, a court must assume that the factfinder will assess credibility and draw inferences in favor of Yang.  *See Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015).  In addition, Yang points to inconsistencies in Navigators' description of her performance: while Navigators now cites generalized performance concerns to justify her termination, Yang was never told of such concerns while employed at Navigators, and was informed she was fired only because she did not fit into "Navigators' culture" and failed to take a "hands on" approach to her position.  *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d at 847

5

(concluding that "inconsistent explanations" for termination and "very close temporal proximity" between protected conduct and termination "are sufficient to create a triable issue of fact"). Yang has thereby adequately placed these issues in dispute such that a reasonable factfinder could conclude her protected activity contributed to her termination. *See Bechtel v. Admin. Review Bd.*, 710 F.3d at 447.

We have considered Navigators' remaining arguments and conclude that they are without merit. Accordingly, we hereby VACATE the award of summary judgment to Navigators and REMAND the case for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court