23-6296-ag
*Shah v. U.S. Dep't of Labor*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-five.

PRESENT:

> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **JOHN M. WALKER, JR.,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

_____

Sachin Shah,

> *Petitioner,*

> v.                                                                              **23-6296**

United States Department of Labor,

> *Respondent,*

**TD Prime Services LLC, TD Securities (USA) LLC,**

*Intervenors.*

_____

**FOR PETITIONER:**                    SACHIN SHAH, *pro se*, North Caldwell, NJ.

**FOR RESPONDENT:**                    EMMA GOOLD (Sayra Amelia Gordillo, Megan Elizabeth Guenther, *on the brief*), U.S. Department of Labor, Washington, D.C.

**FOR INTERVENORS:**                    JEANINE CONLEY DAVES, Littler Mendelson P.C., New York, NY.

Petition for review from an order of the Administrative Review Board of the United States Department of Labor (Harthill, *Chief Administrative Appeals Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Sachin Shah seeks review of a January 31, 2023 final decision by the Administrative Review Board ("ARB") of the United States Department of Labor affirming an administrative law judge's ("ALJ") dismissal of Shah's whistleblower retaliation claims under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C.

2

§ 1514A. Shah alleges that he was unlawfully fired by Intervenor TD Securities (USA) LLC after reporting securities violations at his former employer Albert Fried & Co., which TD Securities acquired. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to **DENY** the petition.[1]

We will affirm the ARB's decision unless, among other reasons, it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or is "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E); *Bechtel v. Admin. Rev. Bd.*, 710 F.3d 443, 445–46 (2d Cir. 2013). On appeal, Shah argues the ARB's conclusion—that there was no genuine issue of material fact that an affirmative defense barred his claims—was unsupported by the evidence.[2] We disagree.

To establish a prima facie SOX retaliation case, an employee must prove by

---

[1] We DENY Shah's motion to expand the record because he has not demonstrated that any of his proffered documents were considered by the ALJ and the ARB. *Bechtel v. Admin. Rev. Bd.*, 710 F.3d 443, 450 (2d Cir. 2013). Moreover, the documents Shah seeks to add would make no difference in the resolution of his appeal. *Amara v. Cigna Corp.*, 53 F.4th 241, 257 n.8 (2d Cir. 2022).

[2] Although Shah's brief barely discusses the affirmative defense, we must construe *pro se* briefs to advance the strongest arguments they suggest. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

a preponderance of the evidence that: "(1) he . . . engaged in a protected activity; (2) the employer knew that he . . . engaged in the protected activity; (3) he . . . suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action."  *Bechtel*, 710 F.3d at 451.  If an employee succeeds in making out a prima facie case, the burden shifts to the employer, who can avoid liability if it proves by "clear and convincing evidence that it would have taken the same unfavorable personnel action in the absence of the protected behavior."  *Id.*; 18 U.S.C. § 1514A(a); 49 U.S.C. § 42121(b)(2)(B)(iv); 29 C.F.R. § 1980.109(b).  Summary decision on a SOX claim is appropriate where "there is no genuine dispute as to any material fact" and the moving party is entitled to judgment as a matter of law.  29 C.F.R. § 18.72(a).

Even assuming Shah established a prima facie case, we agree with the ARB that  TD Securities established by unrebutted, clear and convincing evidence that it would have terminated Shah regardless of any protected activity he took. Substantial evidence showed that TD Securities determined it had no need for Shah's position long before Shah contacted the relevant authorities to report securities violations.  Another Albert Fried employee was terminated for the same reason.  *Murray v. U.B.S. Sec., LLC*, 601 U.S. 23, 38–39 (2024) (explaining that the

relevant question is whether the employer would have retained an otherwise identical employee who did not engage in protected activity).  Shah points to no evidence to the contrary, only alleging—without support—that the affidavits submitted by TD Securities and Alfred Fried were false; TD Securities, Alfred Fried, Shah's attorneys, and others engaged in a conspiracy to stalk and harass him; and TD Securities recently terminated several employees to cover up its securities violations.  Because Shah failed to show a dispute of fact to the contrary, 29 C.F.R. § 18.72(c)(1), summary decision was warranted.[3]

We have considered the rest of Shah's arguments and conclude they are without merit.  Accordingly, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] We DENY Shah's motion to reassert his SOX claim for the same reasons.  We also DENY, as moot, the Intervenors' motion to strike Shah's motion.