09-4747-cv
Vodopia v. Koninklijke Philips Electronics N.V., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand ten.

PRESENT:

> GUIDO CALABRESI
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> PAUL A. CROTTY
> > *District Judge*.[*]

---

JOHN F. VODOPIA
> *Plaintiff-Appellant*,

-v.-                                                                                     No. 09-4767-cv

KONINKLIJKE PHILIPS ELECTRONICS, N.V.
also known as ROYAL PHILIPS ELECTRONICS,
and PHILIPS ELECTRONICS OF NORTH
AMERICA CORPORATION.
> *Defendants-Appellees*.

---

> RAYMOND NARDO, Mineola, New York, for *Plaintiff-Appellant.*

---

[*] The Honorable Paul A. Crotty, Judge of the United States District Court for the Southern District of New York, sitting by designation.

ROBERT C. PETRULIS, (Kristin Ulrich Somich *on the brief*) Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Cleveland, Ohio, for *Defendants-Appellees*.

Appeal from the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*.)

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the district court's August 17, 2009 Order dismissing plaintiff's complaint for failure to state a claim is AFFIRMED.

Plaintiff John F. Vodopia appeals from the district court's dismissal of his complaint, which alleges unlawful retaliation in violation of 18 U.S.C. § 1514A. Specifically, Vodopia's complaint alleges that he was unlawfully terminated after his various attempts to report that several patents acquired by defendants from an outside company had been obtained through fraud on the Patent Office and were thus likely to be declared invalid. Defendants moved before the district court to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(6). The district court concluded that even if credited, Vodopia's allegations failed to state a claim pursuant to section 1514A because they failed to allege that he was terminated in retaliation for engaging in "protected activity" within the meaning of the statute. Accordingly, the court determined that dismissal pursuant to Rule 12(b)(6) was appropriate. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

## I.    Personal Jurisdiction

As noted, defendants below challenged the jurisdiction of the court over them and renew that challenge on appeal. While the district court did not directly address the issue, because "the first question for an appellate court ordinarily is that of its jurisdiction and the jurisdiction in the lower

2

court," *Monegasque de Reassurances S.A.M. v. Nak Naftogaz*, 311 F.3d 488, 497 (2d Cir. 2002), we begin there.

Both here and below, defendants, without further explanation, assert that "Vodopia does not set forth a basis for this Court's personal jurisdiction over [any defendant]." Defs.' Br. at 27. However, the complaint specifically alleges that defendant Royal Philips Electronics ("RPE") "conducts business in the state of New York and . . . in the Southern District" and that defendant Philips Electronics of North America ("PENAC") is a "corporation duly licensed to conduct business in the state of New York." Moreover, the complaint can be read to allege that plaintiff's employment – which, of course, is the basis for this litigation – occurred in New York.

Under New York law, which governs our jurisdictional inquiry, *see PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997), these allegations are sufficient to establish personal jurisdiction over both defendants. With respect to PENAC, the allegations in the complaint – which are neither questioned nor challenged by defendants – establish specific jurisdiction because they make clear that this suit "arise[s] from" PENAC's "transact[ion] of business within the state" – specifically, its employment of plaintiff. N.Y. C.P.L.R. § 302; *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) ("A suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." (internal quotations, alternations omitted)).

With respect to RPE, the complaint's allegations – that RPE "conducts business in the state of New York and . . . in the Southern District" – coupled with the activities of its wholly owned subsidiary, PENAC, in the state, and its choice to be listed and traded on the New York Stock

Exchange[1] are sufficient to establish general jurisdiction over it within the state because they make clear its "presence" within the state "not occasionally or casually, but with a fair measure of permanence and continuity." *Landoil Resources Corp. v Alexander & Alexander Svcs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1992) (internal citations omitted) (collecting cases). While we acknowledge that the allegations are neither voluminous nor specific, we emphasize again that their accuracy is neither questioned nor challenged by defendants.[2]

Accordingly, we conclude that the district court properly exercised jurisdiction over defendants and proceed to evaluate the sufficiency of Vodopia's allegations on the merits.

## II.     Sufficiency of the Allegations to State a Claim

This Court reviews dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). So reading the complaint, we evaluate whether plaintiff's allegations are sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949 (2009). To state a plausible claim to relief, a complaint's "[f]actual allegations must be enough to raise a right to relief above the

---

[1] In evaluating a motion to dismiss pursuant to 12(b)(2), the Court may properly look beyond the four corners of the complaint to satisfy itself of its jurisdiction to hear a case. *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). Moreover, we note that while a listing on the New York Stock Exchange is, *without more*, insufficient to establish general personal jurisdiction, it is "of some importance in determining whether the corporation is doing business in the state." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000).

[2] At oral argument, defense counsel asserted that an affidavit in the record below contradicts the allegation that RPE "conducts business" within the state. The affidavit referenced, does not, in fact, challenge that allegation but instead states that RPE "does not have *a place of business* in New York." (Aff. of Warren T. Oates dated Sept. 18, 2007 ¶ 4.)

speculative level," *Twombly*, 550 U.S. at 555, and thus "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" the complaint must be dismissed. *Iqbal*, 129 S.Ct. at 1950.

Section 1514A makes it unlawful for certain employers to "discharge . . . or in any other manner discriminate against an employee in the terms or conditions of employment because of any lawful act done by the employee . . . to provide information . . . or otherwise assist in an investigation regarding any conduct the employee reasonably believes constitutes a violation" of certain, enumerated federal laws. 18 U.S.C. § 1514A. To state a claim pursuant to section 1514A, a plaintiff thus must allege four elements: (1) that he engaged in protected activity, (2) the employer knew of the protected activity, (3) he suffered an unfavorable personnel action, and (4) circumstances exist to suggest that the protected activity was a contributing factor to the unfavorable action. *Fraser v. Fiduciary Trust Co., Int'l*, 417 F. Supp. 2d 310, 322 (S.D.N.Y. 2006); *see also Gattegno v. Admin. Review Bd.*, No 08-3297, 2009 U.S. App. LEXIS 24904, at *3-4 (2d Cir. Nov. 13, 2009) (same).

The principal element in dispute here is the first element – i.e., whether Vodopia engaged in "protected activity" within the meaning of the statute. Section 1514A defines protected activity to include the provision of information regarding conduct the employee "reasonably believes constitutes" a violation of: (1) 18 U.S.C. §§ 1341, 1343, 1344, or 1348; (2) "any rule or regulation of the [SEC]," or (3) "any provision of Federal law relating to fraud against shareholders." *See* 18 U.S.C. § 1514A(a)(1). As numerous courts have observed, that list is exhaustive, and therefore, to qualify as protected activity, the "employee's communications must *definitively and specifically* relate to [one] of the listed categories of fraud or securities violations [in] 18 U.S.C. § 1514A(a)(1)."

5

*Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996-97 (9th Cir. 2009) (internal quotations omitted) (emphasis added, first alteration in original); *see also Day v. Staples, Inc.*, 555 F.3d 42, 56 (1st Cir. 2009) (same); *Welch v. Chao*, 536 F.3d 269, 275 (4th Cir. 2008) (same); *Allen v. Admin. Review Bd.*, 514 F.3d 468, 476 (5th Cir. 2008) (same).

Here, Vodopia's complaint, read in the light most favorable to him, does not allege that he engaged in protected activity because the communications at issue did not "directly and specifically" relate to any of section 1514A's enumerated federal laws or rules. Instead, the complaint alleges that Vodopia communicated information relating to alleged fraud on the Patent Office and the potential invalidity of certain patents as a result. As such, the complaint's allegations are insufficient, even if credited, to establish that he engaged in protected activity within the meaning of section 1514A.

Vodopia argues on appeal that his complaint can be read to allege that he was reporting "fraud upon [ ] shareholders" insofar as defendants were "knowingly assigning an eight figure value to worthless patents." Pl.'s Br. at 12. The argument fails for two reasons: first, the complaint clearly centers on plaintiff's concern that the patents were invalid, not on the value the company was assigning to them. Indeed, Vodopia devotes just three lone sentences in his eight-page complaint to the *value* of the patents. Second, and more important, the complaint does not allege that the $50 million value assigned to those patents was ever reported to the public or to shareholders. Nor does the complaint contain any additional factual allegations that, if proven, would support an inference that this item would have been included in any public reporting or disclosures and thus could possibly have misled investors. As such, the complaint fails to allege that Vodopia reasonably believed that he was reporting potential securities fraud as opposed to patent-related malfeasance.

*Cf. Day*, 555 F.3d at 55-56 ("To have an objectively reasonable belief that there has been shareholder fraud, the complaining employee's theory of such fraud must at least approximate the basic elements of a claim for securities fraud.").

Because we thus determine that the complaint does not plausibly allege the first, necessary element of a section 1514A claim, we conclude in accordance with the district court, that Vodopia's complaint fails to state a claim to relief as a matter of law and must therefore be dismissed. To the extent Vodopia raises other arguments with respect to the Order entered below, we have considered them and reject them as meritless.

## III.  CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7