*13-235-cv*
*Nielsen v. AECOM Technology Corporation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2013

Submitted: November 8, 2013
Decided: August 8, 2014

No. 13-235-cv

––––––––––––––––––––––––––––––––––––

CHRISTIAN NIELSEN,
*Plaintiff-Appellant,*

- v. -

AECOM TECHNOLOGY CORPORATION,
*Defendant-Appellee,*

AECOM MIDDLE EAST, LTD.,
*Defendant.*[*]

––––––––––––––––––––––––––––––––––––

Before:     SACK, HALL, and LIVINGSTON, *Circuit Judges.*

Appeal from an order of the United States District Court for the Southern District of New York (Forrest, *J.*) granting the defendants' motion to dismiss in a suit under the whistleblower retaliation provision created by the Sarbanes-Oxley Act of

_____

[*] The Clerk of the Court is directed to amend the caption as set forth above.

2002.  *See* Pub. L. No. 107-204, § 806, 116 Stat. 745, 802-04 (codified as amended at 18 U.S.C. § 1514A).  Following the reasoning of an intervening decision by the United States Department of Labor's Administrative Review Board, we conclude that the standard that we previously employed in a nonprecedential order to analyze such a claim is invalid.  On the merits of the case before us, we also conclude that Nielsen failed plausibly to allege that he reasonably believed, based on non-trivial allegations, that he had reported conduct protected by the statute.  Therefore, his complaint was properly dismissed.

AFFIRMED.

Daniel J. Kaiser, Henry L. Saurborn, Kaiser Saurborn & Mair, P.C., New York, NY, *for Plaintiff-Appellant*.

William Roberts, III, John R. Shane, Todd A. Bromberg, Wiley Rein LLP, Washington, DC, *for Defendant-Appellee*.

DEBRA ANN LIVINGSTON, *Circuit Judge*:

We consider the reach of the whistleblower retaliation provision created by the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley" or "SOX").  *See* Pub. L. No. 107-204, § 806, 116 Stat. 745, 802-04 (codified as amended at 18 U.S.C. § 1514A).  The district court (Forrest, *J.*) dismissed the complaint brought by plaintiff-appellant Christian Nielsen ("Nielsen") against AECOM Technology Corporation ("AECOM") and its subsidiary, AECOM Middle East Ltd. ("AME").  The only claim at issue on appeal is Nielsen's whistleblower retaliation claim against AECOM, which was

dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Section 1514A of Sarbanes-Oxley protects the employees of publicly traded companies who provide information or otherwise assist in an investigation concerning conduct that they "reasonably believe[ ] constitutes a violation" of certain enumerated federal statutes, any rule or regulation of the Securities and Exchange Commission ("SEC"), or "any provision of Federal law relating to fraud against shareholders." 18 U.S.C. § 1514A(a)(1). We consider the proper standard for analyzing the reasonableness of Nielsen's asserted belief that he complained of conduct protected by the statute. The Department of Labor ("DOL"), which is charged with adjudicating administrative actions brought pursuant to this statute, recently abrogated the standard it had previously employed in conducting this analysis. We agree with the more recent interpretation, and also conclude that it deserves, at the least, "respect according to its persuasiveness" pursuant to *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *See United States v. Mead Corp.*, 533 U.S. 218, 221 (2001). Accordingly, we hold that the standard applied by the district court, citing a nonprecedential order from this Court, is invalid. Reaching the merits of Nielsen's complaint, we nevertheless affirm the judgment of the district court. Applying the

3

correct standard, Nielsen has failed to allege that he reasonably believed, based on non-trivial allegations, that he was reporting a violation of any of the enumerated provisions.

## BACKGROUND

### A. Facts[1]

Nielsen was employed by AECOM[2] in the position of Fire Engineering Manager, where he was tasked, *inter alia*, with ensuring that his subordinates' engineering plans were sufficient under "applicable fire safety standards." J.A. 4. One of the employees who reported to Nielsen, Naung Hann, allowed fire safety designs to be marked as approved although Hann had not in fact reviewed them. In March and June of 2011, Nielsen brought his concern about Hann to several

---

[1] The factual background presented here is drawn from the allegations of Nielsen's complaint, which we accept as true for the purposes of our review of a motion to dismiss. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).

[2] Nielsen's complaint states that he was employed by "defendants" – *i.e.*, both AECOM and its wholly owned Middle Eastern subsidiary, AME. Although AECOM disputes this contention, we must accept a plaintiff's allegations as true and draw all reasonable inferences in his favor. *See Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 74-75 (2d Cir. 2013). While it may be unlikely that Nielsen was an employee of both corporations (and we note that his complaint may suggest the reasonable conclusion that his place of employment was Dubai), we need not rely on this allegation because Nielsen did not appeal the dismissal of the claim against AME. We therefore consider Nielsen to be an employee of AECOM, as this interpretation is most favorable to Nielsen in the current posture.

4

managers in the Dubai office and "a series of meetings [was] held . . . to discuss Mr. Hann," but no action was taken. J.A. 6. Consequently, Nielsen told other executives that "unless the issue was definitively resolved, he could no longer work at AECOM." J.A. 6-7. On June 23, 2011, Nielsen was terminated; the complaint alleges that this action was part of a "continuing effort to coverup [sic] the false approval of fire safety designs." J.A. 7. Differing explanations – which Nielsen asserts were pretextual – were given for the termination.

On June 26, 2011, three days after he was fired, Nielsen complained to David Barwell, Chief Executive for the Middle East, that the termination was improper, but Nielsen received no relief. A few weeks later, in July 2011, Nielsen contacted members of AECOM's global compliance team located in the United States, who told him that an independent investigation would be conducted. Nielsen was informed in August 2011 that the investigation concluded that there was no wrongdoing and that the termination was justified. His request for a copy of the investigative report was denied on grounds of confidentiality.

**B. Procedural History**

In December 2011, Nielsen filed a complaint regarding his discharge with DOL. The DOL Acting Regional Administrator rejected the complaint by letter on

January 27, 2012. Upon Nielsen's objection, his complaint was reviewed by an Administrative Law Judge ("ALJ"), who dismissed his complaint in May 2012.[3] After commencing an appeal to the DOL Administrative Review Board ("ARB"), Nielsen filed this lawsuit in the Southern District of New York against both AECOM and AME in July 2012, as permitted by the statute.[4] His sole claim against both defendants was a whistleblower retaliation claim under Section 806 of the Sarbanes-Oxley Act of 2002, codified at 18 U.S.C. § 1514A. Nielsen claimed that he was fired, and that the termination was upheld after the internal investigation, "because of his

---

[3] The ALJ determined that Nielsen's complaint failed to state a claim based on the extraterritorial nature of the conduct alleged. On appeal to this Court, the parties have briefed the question of extraterritorial application of the whistleblower retaliation provision, but because we decide the case on other grounds, we do not reach the issue.

[4] Under § 1514A, complainants' first course of action in seeking relief must be to file a complaint with the Secretary of Labor. 18 U.S.C. § 1514A(b)(1)(A). If administrative complainants are unsatisfied with the initial decision, DOL regulations grant them the right to appeal an ALJ's findings to the ARB, which "has been delegated the authority to act for the Secretary and issue final decisions" with regard to § 1514A complaints. 29 C.F.R. § 1980.110(a); *see also* Delegation of Authority and Assignment of Responsibility to the Administrative Review Board, 75 Fed. Reg. 3924, 3924-25 (Jan. 25, 2010). The statute permits complainants to bring suit in federal district court if the Secretary "has not issued a final decision within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant." 18 U.S.C. § 1514A(b)(1)(B). Nielsen appealed the ALJ's decision to the ARB in June 2012. Because Nielsen's ARB appeal was pending at this point, a final decision of the Secretary of Labor had not issued within 180 days of the filing of the complaint and, accordingly, Nielsen was permitted by statute to seek *de novo* review in federal district court. *See id.*; 29 C.F.R. § 1980.114. The ARB closed Nielsen's administrative case after receiving notice of his federal lawsuit. *See Nielsen v. AECOM Tech. Corp.*, ARB No. 12-073, 2012 WL 3548189, at *1 (ARB July 6, 2012).

complaints about, and opposition to, [AECOM's] fraudulent business practices."

J.A. 9.

The district court dismissed Nielsen's § 1514A claim against AME under Rule 12(b)(2), holding that there was no basis for personal jurisdiction under New York's long-arm statute.[5]  Further, it dismissed the claim against AECOM under Rule 12(b)(6) on the ground that Nielsen has not plausibly alleged that he engaged in "protected activity" under § 1514A.  Judgment was entered on December 12, 2012, and Nielsen filed this timely appeal.

## DISCUSSION

We review *de novo* the dismissal of a complaint under Rule 12(b)(6), accepting all allegations in the complaint as true and drawing all inferences in favor of the plaintiff.  *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).  Our review of a district court's interpretation of a statute, a pure question of law, is also *de novo*.  *United States v. Delis*, 558 F.3d 177, 180 (2d Cir. 2009).

Under *Ashcroft v. Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a

---

[5] Nielsen did not appeal the Rule 12(b)(2) dismissal of the § 1514A claim against AME; thus, the claim against AME is not before us.

7

motion to dismiss. 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a plausible claim, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss should be granted "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

## I.

"To safeguard investors in public companies and restore trust in the financial markets following the collapse of Enron Corporation, Congress enacted the Sarbanes-Oxley Act of 2002." *Lawson v. FMR LLC*, 134 S. Ct. 1158, 1161 (2014). Among other changes to the U.S. financial regulatory regime, the statute creates the whistleblower provision pursuant to which Nielsen brings the claim at issue in this suit. Section 1514A of Title 18 is intended to "protect[] employees when they take lawful acts to disclose information or otherwise assist in detecting and stopping actions which they reasonably believe to be fraudulent." *Bechtel v. Admin. Review Bd.*, 710 F.3d 443, 446 (2d Cir. 2013) (internal quotation marks and ellipsis omitted). Specifically, the statute provides that a publicly traded company or its subsidiary cannot "discharge, demote, suspend, threaten, harass, or in any other manner

discriminate against an employee in the terms and conditions of employment"

because the employee:

> provide[s] information, cause[s] information to be provided, or otherwise assist[s] in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders . . . .

18 U.S.C. § 1514A(a)(1). To prevail on a claim of retaliation pursuant to § 1514A, the

plaintiff must show that:

> (1) he or she engaged in a protected activity; (2) the employer knew that he or she engaged in the protected activity; (3) he or she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action.

*Bechtel*, 710 F.3d at 451.

The district court concluded that Nielsen failed to allege that he had engaged

in a protected activity, relying in large part on a 2010 summary order from this

Court for the proposition that a whistleblowing employee's communications "must

*definitively and specifically* relate to one of the listed categories of fraud or securities

violations in 18 U.S.C. § 1514(a)(1)." *Nielsen v. AECOM Tech. Corp.*, No. 12 Civ. 5163,

2012 WL 6200613, at *5 (S.D.N.Y. Dec. 11, 2012) (quoting *Vodopia v. Koninklijke Philips*

9

*Elecs., N.V.*, 398 F. App'x 659, 662-63 (2d Cir. 2010)) (internal quotation marks omitted). As set forth below, however, we disagree with the standard on which the district court relied. That standard, set out in this Court's order in *Vodopia v. Koninklijke Philips Electronics*, stemmed from a holding of the ARB that the agency has since repudiated. We are persuaded by the ARB's more recent interpretation of § 1514A and therefore follow its reasoning. Nonetheless, on review using the proper standard, we affirm the district court's judgment and conclude that Nielsen has not plausibly alleged that he engaged in an activity protected by the statute.

## II.

In our administrative scheme, courts generally will defer to an agency's interpretation of a statute if (1) "Congress has not directly addressed the precise question at issue" and (2) the agency's construction "is based on a permissible construction of the statute." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984). Deference under *Chevron* is appropriate if it is "apparent from the agency's generally conferred authority and other statutory circumstances that Congress would expect the agency to be able to speak with the force of law when it addresses ambiguity in the statute or fills a space in the enacted law." *Mead*, 533 U.S. at 229. An agency's position that does not qualify for *Chevron* treatment

10

nonetheless deserves some deference to the extent that it has the "power to persuade" based on, *inter alia*, the "thoroughness evident in [the agency's] consideration, the validity of its reasoning, [and] its consistency with earlier and later pronouncements." *Skidmore*, 323 U.S. at 140; *see also Mead*, 533 U.S. at 234-35.

Congress delegated to the Secretary of Labor the adjudication of administrative claims brought under § 1514A. *See* 18 U.S.C. § 1514A(b). The Secretary, in turn, has delegated this power to the ARB. *See* Delegation of Authority and Assignment of Responsibility to the Administrative Review Board, 75 Fed. Reg. 3924, 3924-25 (Jan. 25, 2010). Generally, a statutory delegation of adjudicative power also signals a delegation of interpretive authority by Congress that merits *Chevron* deference. *Mead*, 533 U.S. at 229 ("We have recognized a very good indicator of delegation meriting *Chevron* treatment in express congressional authorizations to engage in the process of . . . adjudication that produces . . . rulings for which deference is claimed."). And other circuits have, in the past, afforded *Chevron* deference to ARB interpretations of § 1514A. *See Lockheed Martin Corp. v. Admin. Review Bd.*, 717 F.3d 1121, 1131 (10th Cir. 2013); *Wiest v. Lynch*, 710 F.3d 121, 131 (3d Cir. 2013); *Welch v. Chao*, 536 F.3d 269, 275-76 & n.2 (4th Cir. 2008).

But this Circuit has not yet decided whether Congress delegated interpretive authority over § 1514A to the ARB in Sarbanes-Oxley, and the Supreme Court recently declined to resolve this issue. *See Lawson*, 134 S. Ct. at 1165 n.6 (not deciding whether to grant *Chevron* deference to an ARB interpretation, but noting the government's position that Congress has delegated interpretive authority to the Secretary of Labor); *see also id.* at 1186-87 (Sotomayor, J., dissenting) (positing that the ARB does not have interpretive authority over § 1514A under Sarbanes-Oxley, on the theory that such authority is in fact delegated to the SEC by a different portion of the Act). Because the ARB's rejection of its earlier standard is persuasive even under lesser *Skidmore* deference, we need not decide the question whether its interpretations of § 1514A merit *Chevron* deference. *See Encarnacion ex rel. George v. Astrue*, 568 F.3d 72, 78-79 (2d Cir. 2009) (declining to determine whether agency policy deserved *Chevron* deference because, "even applying the less deferential *Skidmore* standard," the Court approved the agency's position (citing *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 399-400 (2008))).

Our focus in this appeal is whether Nielsen's allegations allow him to claim the protection of § 1514A because he provided information or otherwise assisted in an investigation "regarding any conduct which [he] reasonably believe[d] [to]

constitute[ ] a violation of" the enumerated federal provisions. 18 U.S.C. § 1514A(a)(1). Relevant to our determination of this issue are two decisions of the ARB regarding § 1514A. In 2006, the ARB held in *Platone v. FLYi, Inc.* that "an employee's protected communications must relate 'definitively and specifically' to the subject matter of the particular statute under which protection is afforded" – that is, to one "of the listed categories of fraud or securities violations" in § 1514A(a)(1). ARB No. 04-154, 2006 WL 3246910, at *8 & n.114 (ARB Sept. 29, 2006), *aff'd sub nom. Platone v. U.S. Dep't of Labor*, 548 F.3d 322 (4th Cir. 2008). Several circuits later adopted this standard. *See, e.g.*, *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 996-97 (9th Cir. 2009); *Welch*, 536 F.3d at 276; *Allen v. Admin. Review Bd.*, 514 F.3d 468, 476 (5th Cir. 2008). This Circuit followed the reasoning of those cases in a non-precedential order. *See Vodopia*, 398 F. App'x at 662-63.

In 2011, however, the ARB abrogated *Platone*, concluding that the "definitively and specifically" test is "inapposite" to the Sarbanes-Oxley whistleblower protection provision and in "potential conflict with the express statutory authority of § 1514A," which "prohibits a publicly traded company from discharging or in any other manner discriminating against an employee for providing information regarding conduct that the employee 'reasonably believes' constitutes a SOX violation."

13

*Sylvester v. Parexel Int'l LLC*, ARB No. 07-123, 2011 WL 2165854, at \*14-15 (ARB May 25, 2011) (en banc). The Board interpreted § 1514A to hew more closely to what its text expressly provides: that the plaintiff must have a subjective belief that the challenged conduct violates a provision listed in § 1514A, and that this belief must be objectively reasonable. *Id.* at \*11-12. The ARB indicated that the objective component of the reasonable belief standard should be evaluated "based on the knowledge available to a reasonable person in the same factual circumstances with the same training and experience as the aggrieved employee." *Id.* at \*12 (internal quotation marks omitted).

We conclude that the ARB's reasoning in *Sylvester* to the effect that the "definitively and specifically" requirement of *Platone* should be abrogated is persuasive and accordingly, this determination is entitled to *Skidmore* deference. Section 1514A extends whistleblower protection to information provided by an employee "regarding any conduct which the employee reasonably believes constitutes a violation" of the enumerated federal provisions. 18 U.S.C. § 1514A(a)(1). The statute does not specify what, in particular, a purported whistleblower must establish to demonstrate that criminal fraud or securities-related malfeasance is afoot. But § 1514A's "critical focus is on whether the employee

reported conduct that he or she reasonably believes constituted a violation of federal law." *Villanueva v. U.S. Dep't of Labor*, 743 F.3d 103, 109 (5th Cir. 2014) (quoting *Sylvester*, 2011 WL 2517148, at *15) (emphases and internal quotation marks omitted). A reasonable belief contains both subjective and objective components. *See Sylvester*, 2011 WL 2165854, at *11-12; *see also Lockheed Martin*, 717 F.3d at 1132; *Harp v. Charter Commc'ns, Inc.*, 558 F.3d 722, 723 (7th Cir. 2009). That is to say, a plaintiff "must show not only that he believed that the conduct constituted a violation, but also that a reasonable person in his position would have believed that the conduct constituted a violation." *Livingston v. Wyeth, Inc.*, 520 F.3d 344, 352 (4th Cir. 2008).

Thus, relief pursuant to § 1514A turns on the reasonableness of the employee's *belief* that the conduct violated one of the enumerated provisions – which is contrary to the "definitively and specifically" standard. The objective prong of the reasonable belief test focuses on the "basis of knowledge available to a reasonable person in the circumstances with the employee's training and experience." *Sharkey v. J.P. Morgan Chase & Co.*, 805 F. Supp. 2d 45, 55 (S.D.N.Y. 2011) (internal quotation marks omitted). Many employees are unlikely to be trained to recognize legally actionable conduct by their employers. Accordingly, the centrality of the belief of the

15

whistleblower that her employer has engaged in wrongdoing leads us to conclude, in accord with the ARB's interpretation in *Sylvester*, that the "definitively and specifically" requirement is not in keeping with the language of the statute.[6] Therefore, we abrogate the standard that we previously iterated in *Vodopia*, 398 F. App'x at 662-63.[7]

## III.

Although we have determined that the district court did not apply the proper legal standard, we will nonetheless uphold the dismissal of Nielsen's complaint if it does not plausibly plead that Nielsen's actions were protected by the statute. We conclude that Nielsen has failed to allege that it was objectively reasonable for him

---

[6] We are less certain whether the ARB was correct in concluding that a § 1514A complaint need not even "approximate specific elements" of the enumerated provisions allegedly violated, or that there is no requirement that the violation must be "material." *See Sylvester*, 2011 WL 2165854, at *17-18. We note that the statute does require plausible allegations that the whistleblower reported information based on a reasonable belief that the employer violated *one of the enumerated provisions* set out in the statute. *See* 18 U.S.C. § 1514A(a)(1). Thus, the statutory language suggests that, to be reasonable, the purported whistleblower's belief cannot exist wholly untethered from these specific provisions.

[7] We do not suggest that *Vodopia* would have been decided otherwise, even in the absence of the then-prevailing "definitive and specific" standard. Indeed, the fact that the complaint there "fail[ed] to allege that [the plaintiff] reasonably believed that he was reporting potential securities fraud as opposed to patent-related malfeasance," 398 F. App'x at 663, could well lead to the same result under the standard we announce here, but we need not and do not address this issue.

to believe that the activity he reported constituted a violation of the laws and regulations listed in § 1514A: the federal mail fraud, wire fraud, bank fraud, and securities fraud statutes, in addition to "any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders."[8]  18 U.S.C. § 1514A(a)(1).  The complaint states that Nielsen "reasonably believed that defendants were committing fraud upon [their] shareholders and would likely continue violating the United States mail and wire fraud statutes by using telephone lines and emails in furtherance of the fraud." J.A. 9.  But this conclusory statement cannot sustain Nielsen's § 1514A claim.

First, Nielsen has not plausibly pled an objectively reasonable belief that AECOM engaged in mail or wire fraud, as both require a scheme to steal money or property – allegations that do not appear in the complaint.[9]  *See United States v. Autuori*, 212 F.3d 105, 115 (2d Cir. 2000); *see also Villanueva*, 743 F.3d at 109-10 (holding that allegations under § 1514A of violations of foreign tax laws could not

---

[8] Because Nielsen has not plausibly alleged objective reasonableness, we need not decide whether his complaint adequately alleges that he subjectively believed the challenged conduct involved a violation of one of the listed provisions.

[9] Additionally, Nielsen has abandoned the mail and wire fraud theories by neither opposing the motion to dismiss on this issue nor raising them in his brief on appeal.  *See Lore v. City of Syracuse*, 670 F.3d 127, 149 (2d Cir. 2012).

support a reasonable belief regarding a violation of the U.S. federal mail and wire fraud statutes).

Second, Nielsen cannot show that it was objectively reasonable to believe that the conduct he complained of constituted shareholder fraud. In essence, Nielsen alleges that a single employee failed properly to review fire safety designs. There is no claim that this fire safety review is required by any federal statute or regulation, that these designs had ever been submitted by AECOM for approval by any outside body, or even that the allegedly inadequate fire safety review posed any specified safety hazard. As the ARB noted in *Sylvester*, "[i]t may well be that a complainant's complaint concerns such a trivial matter," in terms of its relationship to shareholder interests, "that he or she did not engage in protected activity under [§ 1514A]." 2011 WL 2165854, at *19. We conclude that this is such a case. According to the allegations of the complaint, AECOM is a publicly traded U.S. firm with an "international reputation and brand identity," J.A. 5, that maintains offices – at the least – in Dubai, New York, and Arlington, Virginia. There is no claim that the improper activity allegedly disregarded by AECOM was related to *any* specified AECOM venture, much less an important one, nor is there any nonconclusory claim that this activity would negatively affect AECOM's operations either in the United

18

States or in Dubai. While the complaint states that the "practice had the potential of exposing the company to extreme financial risk" and "thus constituted potential shareholder fraud," J.A. 5, this bald statement is insufficient as a matter of law to make out a claim under § 1514A. The connection between Nielsen's claims and supposed fraud against shareholders is simply too tenuous.

By comparison, the plaintiffs whose claims the ARB permitted to proceed in *Sylvester* asserted that their employer, Parexel – a company that conducted drug testing for pharmaceutical manufacturers – falsified information used in the clinical testing of several major clients' drugs. One of the plaintiffs was allegedly derided by colleagues as the "Parexel police" due to her unwillingness to falsify reports or otherwise permit the adulteration of clinical studies conducted under standards regulated by the U.S. Food and Drug Administration. When the plaintiffs complained to supervisors, the complaint said, the company repeatedly failed to investigate. The plaintiffs alleged that they were subsequently subject to threats and other forms of retaliation. Within months of the initial reports of misconduct, Parexel terminated the plaintiffs. 2011 WL 2165854, at *2-4.

In *Wiest*, the plaintiff, an accountant for Tyco Electronics Corporation, alleged that he was fired after he challenged perceived misconduct in Tyco's accounting

19

practices at a time when "his office was under a high level of audit scrutiny" following a well-publicized corporate fraud scandal at the company. 710 F.3d at 124-25 (internal quotation marks omitted). The Third Circuit ruled that, particularly in the aftermath of an accounting scandal at Tyco, it was reasonable for the plaintiff to believe – based on the evidence available in context – that certain executives were continuing to engage in similar fraudulent conduct, in violation of a provision listed in § 1514A. *Id.* at 135-37 & n.5.

Other cases where § 1514A claims predicated on shareholder fraud have survived dismissal have included stronger claims regarding either the importance of the challenged conduct to the defendant employer's business or the complicity of the employer in unlawful conduct. *See, e.g., Gladitsch v. Neo@Ogilvy*, No. 11 Civ. 919, 2012 WL 1003513, at *1, *7 (S.D.N.Y. Mar. 21, 2012) (holding that a complaint was sufficient under § 1514A where it alleged that defendants had deliberately overbilled IBM, the defendants' largest client, and that the overbilling could be detrimental to that business relationship in addition to "crippl[ing] shareholder confidence" through the reporting of "artificially inflated revenues"); *Sharkey*, 805 F. Supp. 2d at 48-50, 55-56 (holding that a complaint sufficiently alleged violations of § 1514A where a bank's client exhibited a pattern of suspicious conduct, in which the bank

20

may have been complicit, including inconsistent financial statements, unverifiable identification documents, and unusual fund transfer patterns – behavior potentially consistent with fraud or money laundering).

Stripped of its bare and unsupported conclusions, Nielsen's complaint wholly fails to allege that the misconduct he reported would have significant repercussions for AECOM or, by extension, its shareholders. Nor has Nielsen alleged any facts plausibly suggesting that this supposed misconduct implicated *any* of the enumerated provisions in § 1514A. We conclude that the complaint's allegations fail to sustain this whistleblower suit under § 1514A because Nielsen has failed plausibly to allege that he reasonably believed AECOM's conduct violated an enumerated provision. Accordingly, we deem Nielsen's claim to be insufficient as a matter of law.[10]

## CONCLUSION

To summarize, we conclude that an alleged whistleblowing employee's communications need not "definitively and specifically" relate to one of the listed

---

[10] While leave to amend a complaint is to be granted "freely . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), Nielsen did not request to amend the complaint either below or in this Court on appeal. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request [to amend the complaint] that was not made.").

21

categories of fraud or securities violations in § 1514A in order for that employee to claim protection under the statute. A complaint pursuant to § 1514A must, however, plausibly plead that the plaintiff engaged in protected activity – that the plaintiff reasonably believed the conduct he challenged constituted a violation of an enumerated provision. Nielsen does not plausibly allege, on the basis of assertions beyond the trivial and conclusory, that it was objectively reasonable for him to believe that there was such a violation here. Therefore, the judgment of the district court is AFFIRMED.