13-4741-cv
Sharkey v. J.P. Morgan Chase & Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of October, two thousand fourteen.

Present:      ROSEMARY S. POOLER,
              REENA RAGGI,
              PETER W. HALL,
                   *Circuit Judges*.

_____

JENNIFER SHARKEY,

                    *Plaintiff-Appellant*,

              v.                                              13-4741-cv

J.P. MORGAN CHASE & CO., JOE KENNEY, in his individual and official capacities, ADAM GREEN, in his individual and official capacities, LESLIE LASSITER, in her individual and official capacities.

                    *Defendants-Appellees*.

_____

Appearing for Appellant:      Lawrence M. Pearson (Douglas H. Wigdor, Michael J. Willemin, *on the brief*), Wigdor LLP, New York, NY.

Appearing for Appellee:      Michael D. Schissel, Arnold & Porter LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Plaintiff-appellant Jennifer Sharkey appeals from the December 12, 2013 order of the United States District Court for the Southern District of New York (Sweet, *J.*), granting defendants-appellees' motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In concluding that Sharkey failed to engage in protected activity pursuant to Section 806 of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, the district court required Sharkey to show that her complaints "definitively and specifically" related to one of the six enumerated categories of misconduct identified in Section 806. In the time since the district court issued its opinion, we have discarded this standard as too strict. *See Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 221–22 (2d Cir. 2014) (rejecting the "definitively and specifically" requirement). In *Nielsen*, we held that Section 806 "extends whistleblower protection to information provided by an employee regarding any conduct which the employee *reasonably believes constitutes a violation* of the enumerated federal provisions." *Id.* at 221 (emphasis added and internal quotation marks omitted). In light of this intervening shift in standard, we vacate the district court's grant of summary judgment and remand to the district court to assess in the first instance whether Sharkey engaged in Section 806 protected activity under the standard set out in *Nielsen.*

Should the district court conclude that Sharkey engaged in any identifiable protected activity under the more lenient *Nielsen* standard, it should reassess, in the context of this finding, whether the identified protected activity "was a contributing factor in the unfavorable action," *Bechtel v. Admin. Review Bd.*, 710 F.3d 443, 451 (2d Cir. 2013), and if so, whether defendants have proven "with clear and convincing evidence that [they] would have taken the same unfavorable personnel action in the absence of [that] protected behavior," *id.*

Accordingly, the judgment of the district court hereby is VACATED and this case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk