16-1091-cv
*Kantin v. MetLife Ins. Co*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand seventeen.

PRESENT:
PETER W. HALL,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

---

RONALD KANTIN,

*Plaintiff-Appellant,*

v.                                                                                   16-1091-cv

METROPOLITAN LIFE INSURANCE COMPANY,

*Appellee,*

---

| | |
|---|---|
| For Appellant: | DAVID G. GABOR, Esq., the Wagner Law Group, Boston, MA. |
| For Appellee: | SARAH E. BOUCHARD (Lauren E. Marzullo, *on the brief*) Morgan Lewis & Bockius LLP, Philadelphia, PA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART AND REMANDED IN PART**.

Plaintiff-Appellant Ronald Kantin appeals the decision of the district court granting summary judgment in favor of Defendant-Appellee Metropolitan Life Insurance Company ("MetLife"). Kantin contends that the district court erred in concluding that he had failed to make out a *prima facie* case for retaliation under the whistleblower provision of the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, specifically that he failed to demonstrate an objectively reasonable belief that the concerns he raised about pricing and a commission constituted protected activity under § 1514A. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews grants of summary judgment *de novo*. *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). We will affirm a grant of summary judgment "only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, 'there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.'" *Id.* (omission in original) (quoting Fed. R. Civ. P. 56(c)).

Section 1514A of Title 18 is intended to "protect[] employees when they take lawful acts to disclose information or otherwise assist in detecting and stopping actions which they reasonably believe to be fraudulent." *Bechtel v. Admin. Review Bd.*, 710 F.3d 443, 446 (2d Cir. 2013) (internal quotation marks and ellipsis omitted). The statute specifically provides that a publicly traded company cannot "discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment" because the employee:

provide[s] information, cause[s] information to be provided, or otherwise assist[s] in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders . . . .

18 U.S.C. § 1514A(a)(1).

To prevail on a claim for retaliation under § 1514A, a plaintiff must demonstrate that "(1) he or she engaged in a protected activity; (2) the employer knew that he or she engaged in the protected activity; (3) he or she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 219 (2d Cir. 2014)). "[R]elief pursuant to § 1514A turns on the reasonableness of the employee's belief that the conduct violated one of the enumerated provisions" of the statute. *Id.* at 221. "A reasonable belief contains both subjective and objective components," *id.* at 221, and "cannot exist wholly untethered from [the] specific [enumerated] provisions." *Id.* at n.6. "That is to say, a plaintiff must show not only that he believed that the conduct constituted a violation, but also that a reasonable person in his position would have believed that the conduct constituted a violation," *id.* (internal quotation marks omitted), of one of the enumerated provisions.

Here, Kantin's complaints did not constitute protected activity under § 1514A, as Kantin has failed to demonstrate an objectively reasonable belief that the conduct complained of constituted a violation of one of the enumerated provisions. While Kantin argues that he was fired for raising concerns about MetLife's "flawed products," the commission payment and pricing irregularities to which he adverts simply do not sound in fraud and are wholly unrelated to any of the provisions enumerated in § 1514A. *Cf. Sharkey v. JPMorgan Chase & Co.*, 660 F. App'x 65, 66 (2d Cir. 2016) (holding that factfinder could conclude from the record evidence that the plaintiff had demonstrated requisite reasonable belief of fraudulent activity where she formally recommended that defendant

3

end its relationship with client whom she believed, based on specific evidence, might have engaged in illegal money laundering).

Here, despite Kantin's belief that the receipt of the commission payment might be considered "unethical," he nonetheless admitted that he himself did not believe the payment was illegal. He has therefore failed to demonstrate a subjective belief that the commission payment violated an enumerated provision of § 1514A.

Kantin also argues that his complaints about the pricing of certain price "cells" for a particular life insurance product raised questions of illegal activity.[1] But these claims also fail. While Kantin identified pricing "anomalies" in these cells, in the sense that the pricing could be expected to generate profits outside the expected range of profitability for the product as a whole, he has failed to demonstrate that a reasonable person would believe that such pricing abnormalities violated one of the provisions enumerated in § 1514A. There are no allegations that MetLife defrauded shareholders or intended to deceive clients based on these three rare pricing hypotheticals. Indeed, as with the commission payment, Kantin acknowledges that he himself did not believe that two of the pricing anomalies created any legal issue. In an attempt to show that pricing anomalies might constitute a violation of an enumerated provision, Kantin argues that the sale of one of the policies in question to a couple in which the husband was 28 years older than the wife (in a particular configuration of health categories) could violate FINRA Rule 2111 prohibiting the sale of unsuitable securities because the same benefits could be achieved for most couples by selling a cheaper MetLife policy to the wife alone. *See* FINRA Rule 2111. However, Kantin admitted that he does not know of any instance in which such an unsuitable policy was sold to anyone, and that he himself "would

---

[1] The product involved a joint life insurance policy on a married couple. The premiums for the policy would be based on variables including the age, sex, and health of each partner. The record reflects that there were over one million "cells" reflecting different combinations of these variables.

4

never" sell a joint policy when the individual policy would be more appropriate.  App'x at 19.  The mere existence of an insurance product that would be unsuitable if sold to a particular customer because a different product from the same company would be more appropriate for that customer could not reasonably be believed to constitute a fraud, in the absence of any evidence that such a policy was sold to such a customer, or intended to be sold to her.  *Cf. Nielsen*, 762 F.2d at 223 (holding that the disclosure of "*potential* shareholder fraud" is plainly "insufficient as a matter of law to make out a claim under § 1514A" (emphasis added and internal quotation marks omitted)).  Kantin has failed to make an adequate showing he had an objectively reasonable belief that MetLife had engaged in some type of fraudulent activity.

We have considered all of Kantin's remaining arguments on appeal and determine they are without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED** with respect to Kantin's federal claims, and **REMANDED** for the limited purpose of allowing the district court to clarify whether its dismissal of Kantin's state law claims was on the merits or was a discretionary declination to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5