23-6971-ag
Schaefer v. United States Dep't of Labor

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-four.

PRESENT:  AMALYA L. KEARSE,
             RAYMOND J. LOHIER, JR.,
             BETH ROBINSON,
               *Circuit Judges*.

------------------------------------------------------------------

GENE SCHAEFER, LUIS BERMEO,

      *Petitioners-Appellants*,

     v.                              No. 23-6971-ag

UNITED STATES DEPARTMENT
OF LABOR, NEW YORK
COMMUNITY BANCORP, INC.,

      *Respondents-Appellees*.

------------------------------------------------------------------

FOR PETITIONERS: GAYLE POLLACK (David Saxe, *on the brief*), Morrison Cohen LLP, New York, NY

FOR RESPONDENT UNITED STATES DEPARTMENT OF LABOR: JUDITH MARBLESTONE, Senior Attorney (Seema Nanda, Solicitor of Labor, Jennifer S. Brand, Associate Solicitor, Sarah K. Marcus, Deputy Associate Solicitor, Megan E. Guenther, Counsel for Whistleblower Programs, *on the brief*), United States Department of Labor, Washington, DC

FOR RESPONDENT NEW YORK COMMUNITY BANCORP, INC.: KATHLEEN A. REILLY, Arnold & Porter Kaye Scholer LLP, New York, NY (Michael D. Schissel, Arnold & Porter Kaye Scholer LLP, New York, NY, Ashley Burkett, Arnold & Porter Kaye Scholer LLP, Washington, DC, *on the brief*)

UPON DUE CONSIDERATION of this petition for review of a decision and order by the United States Department of Labor, Administrative Review Board ("ARB"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

2

Petitioners Gene Schaefer and Luis Bermeo seek review of a June 22, 2023 final decision and order of the Administrative Review Board ("ARB") of the United States Department of Labor affirming an administrative law judge's ("ALJ") denial of Petitioners' whistleblower retaliation claims under the Sarbanes-Oxley Act (the "Act"), 18 U.S.C. § 1514A.  Petitioners allege that they were unlawfully fired by Respondent New York Community Bancorp, Inc. (the "Bank") after they reported a purported scheme wherein contractors paid kickbacks to Bank employees in exchange for being allowed to strip materials from Bank properties.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny the petition.

We review a final decision and order of the ARB regarding a whistleblower retaliation complaint brought pursuant to 18 U.S.C. § 1514A by applying the "rules and procedures set forth in the Administrative Procedure Act."  *Bechtel v. Admin. Rev. Bd., U.S. Dep't of Labor*, 710 F.3d 443, 445 (2d Cir. 2013).  "We will uphold a decision by the ARB if it is not 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,' . . . or 'unsupported by substantial evidence.'"  *Id.* at 445–46 (quoting 5 U.S.C. §

3

706(2)(A), (2)(E)).  To establish a *prima facie* case of whistleblower retaliation under the Act, "an employee must prove by a preponderance of the evidence that (1) he or she engaged in a protected activity; (2) the employer knew that he or she engaged in the protected activity; (3) he or she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action."  *Id.* at 451.

This petition turns on the first element of section 1514A, which requires an employee claiming whistleblower protection to show that he or she "reported conduct that he or she reasonably believe[d] constituted a violation of federal law."  *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 221 (2d Cir. 2014) (quotation marks omitted).  Here, that means that Petitioners bore the burden of proving that they subjectively believed that they were reporting bank fraud within the meaning of the Act and that their belief was objectively reasonable.  *See id.*

On June 29, 2022, the ALJ issued a decision and order after conducting a ten-day hearing during which thirteen witnesses testified and numerous exhibits were admitted into evidence.  The decision and order recounted the factual background, weighed the credibility of four main witnesses (including Petitioners), and evaluated the merits of Petitioners' complaints.  The ALJ found

4

that Schaefer was not a credible witness and that Bermeo was only somewhat more credible, and concluded that neither Petitioner had proved by a preponderance of the evidence that they believed they were reporting bank fraud. The ALJ further concluded that even if Petitioners did subjectively believe that they were reporting bank fraud, their belief was objectively unreasonable in part because they "failed to explain" how the alleged misconduct "involve[d] any trickery, deception or knowing concealment of a material fact." Sp. App'x 54. At most, the ALJ determined, Petitioners could have reasonably believed they were reporting wrongful or unethical conduct, but not bank fraud within the meaning of the Act.

On June 22, 2023, the ARB affirmed the ALJ's ruling in its entirety, finding it to be well-grounded in the evidentiary record and concluding that Petitioners' "reports of an alleged scheme to steal copper wire" did not entitle them to whistleblower protection under the Act "because theft of physical property from a bank does not constitute bank fraud or other protected conduct under [the Act] and, at the time of their reports, neither [Petitioner] reasonably believed that it did." Sp. App'x 23. The ARB agreed with the ALJ that Petitioners had not established any credible factual basis for their allegations and that, in any event,

5

they had failed to offer "evidence that [the Bank] had been defrauded 'by means of false or fraudulent pretenses, representations, or promises.'" Sp. App'x 22 (quoting 18 U.S.C. § 1344).

Petitioners now contend that the ARB committed a "fundamental error of law" in "determining that an insider kickback scheme could not be a bank fraud," and that this error "underpinned the ARB's determination" that Petitioners did not hold a reasonable belief that they were reporting bank fraud. Petitioners' Br. 19.

We need not address Petitioners' argument that the ARB applied an improperly restrictive legal standard when it assessed whether Petitioners reasonably believed that the scheme they reported amounted to bank fraud. Regardless of whether Petitioners could reasonably believe that the purported bid-rigging, kickback scheme they reported violated 18 U.S.C. § 1344 as a matter of law, the ARB concluded that Petitioners could not have reasonably believed such a scheme took place. In particular, it ruled that they "failed to establish it was objectively reasonable to believe there was a scheme involving bid-rigging by vendors or employees which led to copper salvaging and cash kickbacks" because "[n]o credible evidence establishes such an arrangement took place in

6

this instance." Sp. App'x 21. The ARB's conclusion with respect to this independent ground for denying relief rests heavily on its factual findings, including credibility determinations, and is supported by substantial evidence in the record.

**CONCLUSION**

We have considered Petitioners' remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court