15-1922-cv
*Bristol-Myers Squibb Co. v. Matrix Labs. Ltd.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand sixteen.

Present:
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

———————————————————————————

BRISTOL-MYERS SQUIBB COMPANY,

> *Plaintiff-Appellant*,

v.                                                          15-1922-cv

MATRIX LABORATORIES LIMITED
N/K/A MYLAN LABORATORIES LIMITED,

> *Defendant-Appellee*.

———————————————————————————

For Plaintiff-Appellant:          JOHN W. NIELDS; Covington & Burling LLP, Washington, D.C. Richard A. Spehr, Henninger S. Bullock, Lisa R. Blank, Rory K. Schneider; Mayer Brown LLP, New York, N.Y.

1

For Defendant-Appellee:  JESSICA L. MARGOLIS (Michael S. Sommer, Sheryl Shapiro Bassin, *on the brief*); Wilson Sonsini Goodrich & Rosato, P.C., New York, N.Y.

**UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment imposed by the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant Bristol-Myers Squibb Company ("BMS"), an American pharmaceutical manufacturer that owns the patent for the antiretroviral drug atazanavir, appeals from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*), dismissing, for a second time, BMS's breach-of-contract claims against Defendant-Appellee Matrix Laboratories Limited ("Matrix"), an Indian generic drug manufacturer located in India and a wholly owned subsidiary of Mylan Laboratories Limited. On April 17, 2011, BMS and Matrix entered into an "Immunity from Suit Agreement" ("IFSA"), pursuant to which BMS granted Matrix the right to manufacture, sell, and distribute atazanavir within a designated set of countries (the "Territory"), with immunity from any intellectual property infringement suit by BMS. Section 3.1(d) of the IFSA, however, prohibited Matrix from "sell[ing], distribut[ing], or otherwise transfer[ring] [atazanavir] manufactured [under the IFSA] to any third parties it reasonably believes may export the [atazanavir] outside the Territory where Patents exist." J.A. 40. BMS alleges that Matrix breached § 3.1(d) twice, once in 2012 and again in 2014, when Matrix sold generic atazanavir to the Pan American Health Organization ("PAHO"), a third-party organization based in Washington, D.C., for distribution in Venezuela, which is not in the Territory.

2

BMS brought a breach-of-contract claim against Matrix in the United States District Court for the Southern District of New York on July 30, 2012, and filed an amended complaint on April 16, 2013.  Matrix moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and the district court (Engelmayer, *J.*) granted the motion.  *Bristol-Myers Squibb Co. v. Matrix Labs. Ltd.*, 964 F. Supp. 2d 287 (S.D.N.Y. 2013).  In dismissing BMS's first amended complaint ("FAC"), the district court ruled that, under the plain meaning of § 3.1(d), Matrix could not have breached the provision unless it sold atazanavir to a third party that was physically "present in the Territory, and therefore in a position to *export* the product 'outside the [T]erritory.'"  *Id.* at 297.  On appeal, we disagreed with the district court's interpretation that § 3.1(d) unambiguously means that the third party's physical presence in the Territory is necessary in order for the third party to export the atazanavir from the Territory to outside the Territory.  *Bristol-Myers Squibb Co. v. Matrix Labs. Ltd.*, 586 F. App'x 747, 750 (2d Cir. 2014).  Rather, we noted, another potentially permissible interpretation of § 3.1(d) is that a third party may export atazanavir from the Territory within the meaning of the provision when title in the atazanavir transfers to the third party while the atazanavir is in the Territory.  *Id.* at 750–51.  Although we found that the FAC failed to state a claim that PAHO had exported the atazanavir from India to Venezuela, we concluded that, in light of the district court's erroneous interpretation of the IFSA, it was appropriate to vacate and remand to allow BMS to seek leave to amend its complaint.  *Id.* at 751–52.

On remand, BMS filed a second amended complaint ("SAC"), alleging that PAHO exported the atazanavir to Venezuela because title transferred to PAHO when Matrix delivered the atazanavir to a common carrier in India.  Matrix again filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, which the district court granted.  *Bristol-Myers Squibb*

3

*Co. v. Matrix Labs. Ltd.*, No. 12 Civ.5846 (PAE), 2015 WL 2257705 (S.D.N.Y. May 13, 2015); *see also Bristol-Myers Squibb Co. v. Matrix Labs. Ltd.*, No. 12 Civ. 5846 (PAE), 2015 WL 4430614 (S.D.N.Y. July 20, 2015). This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

"We review *de novo* the dismissal of a complaint under Rule 12(b)(6), accepting all allegations in the complaint as true and drawing all inferences in favor of the plaintiff." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

BMS argues that either United States law or the law of India governs the transactions between Matrix and PAHO, and that under either one, the facts pled in the SAC give rise to a plausible claim that PAHO exported the atazanavir from India because title transferred to PAHO when Matrix delivered the atazanavir to a common carrier in India for shipment to Venezuela. The district court concluded that United States law was inapplicable and also may have concluded that BMS waived reliance on United States law. As to BMS's statements about Indian law in its brief in opposition to Matrix's motion to dismiss, the district court determined that the SAC provided insufficient notice of BMS's intention to invoke foreign law. We disagree both that it is appropriate at this juncture to deem United States law inapplicable and that notice as to BMS's intent to invoke foreign law was insufficient.

As a preliminary matter, we emphasize that BMS was not required to identify in the SAC which law was applicable to the Matrix-PAHO transactions, to which BMS was not a party.

4

Although the law that applies to the Matrix-PAHO transactions is relevant to BMS's argument that title to the atazanavir transferred to PAHO in India, "[f]ederal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346 (2014) (quoting Fed. R. Civ. P. 8(a)(2)). Because the heightened pleading standard in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Iqbal* "concern[s] the *factual* allegations a complaint must contain to survive a motion to dismiss," those cases do not require BMS to identify the substantive legal basis for its claim, much less the law that governs an agreement to which it was not a party, *Johnson*, 135 S. Ct. at 347.

Turning to the district court's analysis, we first conclude that, to the extent that the district court may have rejected BMS's reliance on United States law on the ground that BMS conceded the inapplicability of such law, the district court erred. It is true that, at the oral argument on Matrix's motion to dismiss the SAC, counsel for BMS stated that BMS's "*best affirmative case* [was based on] Indian law," after the district court repeatedly asked BMS whether it had waived reliance on United States law. J.A. 193–94 (emphasis added). But at no point did BMS state that its *only* case depended on Indian law applying to the Matrix-PAHO transactions, and BMS in fact continued to invoke United States law multiple times during oral argument.[1]

---

[1] Further, in the SAC, BMS expressly invoked § 2–401 of the Uniform Commercial Code, under which "title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods," unless expressly specified otherwise. U.C.C. § 2–401. And according to documents that both parties agreed could be consulted for the purposes of resolving the motion to dismiss, PAHO: is a United States

5

The district court also erred in concluding that BMS's statements about the law of India failed to satisfy the requirements of Federal Rule of Civil Procedure 44.1, which requires that parties "who intend[] to raise an issue about a foreign country's law must give notice by a pleading or other writing." Writ large, Rule 44.1 promulgates a notice requirement, not an argument requirement. *See Rationis Enters. Inc. of Panama v. Hyundai Mipo Dockyard Co.*, 426 F.3d 580, 585–86 (2d Cir. 2005) ("It is important to acknowledge that notice under Rule 44.1 differs from argument—notice merely call[s] attention to the fact that the issue will be raised, whereas argument lays out, *inter alia*, the provisions of foreign law, the basis for its relevance, and the application of the foreign law to the facts of the case."). BMS's brief in opposition to Matrix's motion to dismiss easily satisfied Rule 44.1's notice requirement, as it not only alerted Matrix to BMS's intention to invoke Indian law, but further identified a particular Indian law that

---

organization with offices in Washington, D.C.; drafted the bid solicitation documents that contained at least the initial terms of the Matrix-PAHO agreement; requested that bids be submitted to their offices in Washington, D.C.; issued purchase orders from their offices in Washington, D.C.; and requested that invoices be sent to Washington, D.C. It would be premature at this early stage of the litigation to determine conclusively whether United States law applies to the Matrix-PAHO agreements. *See Okimoto v. Cai*, No. 13 Civ. 4494(RMB), 2015 WL 3404334, at *1 (S.D.N.Y. May 21, 2015) ("Because a choice of law analysis is fact intensive, courts often decline to make a choice of law determination at the motion to dismiss stage." (quoting *Smith v. Railworks Corp.*, No. 10 Civ. 3980(NRB), 2011 WL 2016293, at *6 n.12 (S.D.N.Y. May 17, 2011))).

supported Matrix's case.[2] Such notice was timely, moreover, as Rule 44.1 does not impose "any definite [time] limit," and merely requires that notice be provided at such a point as to "avoid unfair surprise." *Id.* at 585. Matrix had ample opportunity to respond to BMS's invocation of Indian law in its reply to BMS's opposition to the motion to dismiss; that Matrix failed to make use of that opportunity does not undercut the timeliness of BMS's notice. Thus, although we recognize that a "[d]istrict [c]ourt's determination regarding what constitutes 'reasonable . . . notice' under Rule 44.1 . . . falls within the discretionary powers of the [d]istrict [c]ourt to supervise litigation," we conclude that BMS's statements regarding Indian law in its brief opposing Matrix's motion to dismiss so plainly satisfied the dictates of Rule 44.1 that the district court's determination to the contrary went beyond the permissible bounds of the district court's discretion. *Id.*

Numerous district courts in this Circuit have concluded that choice-of-law determinations are fact-intensive inquiries that would be premature to resolve at the motion-to-dismiss stage. *See, e.g.*, *Speedmark Transp., Inc. v. Mui*, 778 F. Supp. 2d 439, 444 (S.D.N.Y. 2011) ("Such a choice-of-law determination is premature on this motion to dismiss, since the record lacks facts necessary to conduct the context-specific 'center of gravity' or 'grouping of contacts' analysis required by New York's choice-of-law principles."); *Meserole v. Sony Corp. of Am., Inc.*, 08

---

[2] Specifically, BMS quoted a treatise's discussion of § 24 of the Indian Sale of Goods Act of 1970. BMS stated:

> As one treatise explains: "If, under [a] contract, the seller delivers the goods to a carrier . . . for transmission to the buyer, without reserving the right to disposal, he is deemed to have unconditionally appropriated the goods to the contract and the property in the goods passes to the buyer." 2 REMEDIES FOR INTERNATIONAL SELLERS OF GOODS, at IND/13–14 (Dennis Campbell ed. 2009).

ECF No. 61 at 13–14.

Civ. 8987(RPP), 2009 WL 1403933, at *5 n.6 (S.D.N.Y. May 19, 2009) ("[A]t this early [motion-to-dismiss] stage of the litigation, . . . a detailed choice of law analysis would be premature."); *First Union Nat'l Bank v. Paribas*, 135 F. Supp. 2d 443, 453 (S.D.N.Y. 2001) ("[I]t is premature to make a definitive choice of law ruling both because it is not yet clear that there is a conflict between New York and English law and because the litigation is at a preliminary stage." (footnotes omitted)), *aff'd*, 48 F. App'x 801 (2d Cir. 2002). This principle applies *a fortiori* here, where the choice-of-law question concerns not the contract on which BMS is suing Matrix, but an agreement between Matrix and a third party, and about which BMS has only limited information.

Because we cannot say that BMS has failed to state a claim under at least one of the allegedly applicable laws, nor can we determine at the motion-to-dismiss stage which law indeed governs the Matrix-PAHO transactions to which BMS was not a party, we conclude that the district court improperly dismissed the SAC for failure to state a claim.

Accordingly, the judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8