23-7550-cv
*DarkPulse, Inc., et al. v. Crown Bridge Partners, LLC, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand twenty-four.

PRESENT:  DENNIS JACOBS,
                    EUNICE C. LEE,
                    SARAH A. L. MERRIAM,
                              *Circuit Judges*.

_____

DARKPULSE, INC., individually and on
behalf of all others similarly situated,
SOCIAL LIFE NETWORK, INC., individually
and on behalf of all others similarly situated,
REDHAWK HOLDINGS CORP., individually
and on behalf of all others similarly situated,

    *Plaintiffs-Appellants*,

       v.                                                                No. 23-7550-cv

CROWN BRIDGE PARTNERS LLC;
SOHEIL AHDOOT; SEPAS AHDOOT,

    *Defendants-Appellees*.

_____

FOR PLAINTIFFS-APPELLANTS:    Mark R. Basile, Marjorie Santelli, The
                              Basile Law Firm, P.C., Jericho, NY.


FOR DEFENDANTS-APPELLEES:     Jeffrey Fleischmann, Fleischmann PLLC,
                              New York, NY.


Appeal from a decision and order of the United States District Court for the Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION,** the decision and order of the District Court is **VACATED** and this matter is **REMANDED** for further proceedings consistent with this Order.

Plaintiffs-appellants DarkPulse, Inc., Social Life Network, Inc., and RedHawk Holdings Corp. (collectively, "plaintiffs") appeal from the September 29, 2023, decision and order of the District Court dismissing their complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

Plaintiffs brought this putative class action against defendants-appellees Crown Bridge Partners, LLC, Soheil Ahdoot, and Sepas Ahdoot (collectively, "defendants") asserting violations of 18 U.S.C. §1962(c) related to defendants' collection of what plaintiffs assert are "unlawful debt[s]." Supplemental App'x at 16. Specifically, plaintiffs allege that defendants extended to them – and collected from them – convertible

promissory notes with interest rates exceeding the maximum permitted by New York's criminal usury laws.

As relevant here, defendants moved to dismiss the complaint pursuant to Rule 12(b)(6), asserting that each promissory note at issue contains a Nevada choice-of-law clause, and Nevada does not have criminal usury laws. The District Court granted the motion to dismiss, finding "no reason to disregard the parties' explicit choice of Nevada law in the Notes," and applying Nevada law to "find[] that the Complaint fails to sufficiently allege that Defendants violated 18 U.S.C. §1962(c)." *DarkPulse, Inc. v. Crown Bridge Partners, LLC*, No. 22CV08163(VM), 2023 WL 6386006, at \*5 (S.D.N.Y. Sept. 29, 2023).[1] In reaching this conclusion, the District Court relied primarily on "the reasoning and conclusions" of the decision in *DarkPulse, Inc. v. FirstFire Global Opportunities Fund, LLC*, No. 21CV11222(ER), 2023 WL 199196 (S.D.N.Y. Jan. 17, 2023) ("*FirstFire*"), *aff'd in part, vacated in part, remanded*, No. 23-78, 2024 WL 1326964 (2d Cir. Mar. 28, 2024) (summary order). *DarkPulse*, 2023 WL 6386006, at \*4. In *FirstFire*, the court enforced a similar Nevada choice-of-law clause, finding that DarkPulse had failed "to meet its burden of showing that Nevada has no reasonable connection to the parties" in *that* case. *FirstFire*, 2023 WL 199196, at \*12. On appeal in *this* case, plaintiffs contend that the District Court erred in relying on the analysis set forth in *FirstFire* and in enforcing the choice-of-law clause to apply Nevada law.

---

[1] The complaint also alleged that defendants engaged in a pattern of racketeering activity in violation of 18 U.S.C. §1962(c) by committing wire fraud in violation of 18 U.S.C. §1343. Plaintiffs agreed to the dismissal of those claims and to the dismissal of their class allegations.

"We review *de novo* a district court's choice-of-law determination and its grant of a motion to dismiss under Rule 12(b)(6)." *Nunes v. Cable News Network, Inc.*, 31 F.4th 135, 140 (2d Cir. 2022). In reviewing a district court's Rule 12(b)(6) dismissal, we accept the complaint's "factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Estle v. Int'l Bus. Machs. Corp.*, 23 F.4th 210, 213 (2d Cir. 2022) (citation and quotation marks omitted). "The district court's findings of fact related to its choice-of-law analysis, however, are reviewed for clear error." *AEI Life LLC v. Lincoln Benefit Life Co.*, 892 F.3d 126, 131 (2d Cir. 2018).

"The validity of a contractual choice-of-law clause is a threshold question that must be decided not under the law specified in the clause, but under the relevant forum's choice-of-law rules governing the effectiveness of such clauses." *Fin. One Pub. Co. v. Lehman Bros. Special Fin.*, 414 F.3d 325, 332 (2d Cir. 2005). Jurisdiction in this case is predicated on a federal question, and therefore the relevant forum is federal district court – where federal common law applies. *See Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 12 (2d Cir. 1996). But because the District Court applied the substantive law of New York, and the parties do not object to that application, we too will apply the substantive law of New York to determine the effect of the choice-of-law clause. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015) ("In the instant case, the district court applied the substantive law of New York. And, as neither party objects, we will do the same." (citation omitted)).[2]

---

[2] In any event, applying federal common law would likely lead to the same result as applying New York law because like New York courts, "when conducting a federal common law choice-

4

"The general rule under New York law . . . is that courts will generally enforce choice-of-law clauses and that contracts should be interpreted so as to effectuate the parties' intent." *Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, 51 F.4th 456, 472 (2d Cir. 2022) (citation and quotation marks omitted). "[C]ourts will enforce a choice-of-law clause so long as the chosen law bears a reasonable relationship to the parties or the transaction." *Welsbach Elec. Corp. v. MasTec N. Am., Inc.*, 859 N.E.2d 498, 500 (N.Y. 2006). But "New York law allows a court to disregard the parties' choice when the most significant contacts with the matter in dispute are in another state." *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003) (per curiam) (citation and quotation marks omitted).

It is true that the state chosen by contract need not have the *most* significant contacts to the dispute for a court to apply that state's law. *See United States v. Moseley*, 980 F.3d 9, 20 (2d Cir. 2020) ("[C]ontractual selection of governing law is generally determinative so long as the State selected has *sufficient* contacts with the transaction." (emphasis added) (quoting *Int'l Minerals & Res., S.A. v. Pappas*, 96 F.3d 586, 592 (2d Cir. 1996)). However, a court must still independently determine there are sufficient contacts with the contractually selected state to enforce a choice-of-law clause. *See Cap Gemini*, 346 F.3d at 366 (finding that the record, which simply showed a company's

of-law analysis, absent guidance from Congress, we may consult the Restatement (Second) of Conflict of Laws." *Eli Lilly Do Brasil, Ltda. v. Fed. Express Corp.*, 502 F.3d 78, 81 (2d Cir. 2007); *see also In re Koreag, Controle et Revision S.A.*, 961 F.2d 341, 350 (2d Cir. 1992) ("The federal common law choice-of-law rule is to apply the law of the jurisdiction having the greatest interest in the litigation.").

"headquarters" were in New York, was insufficiently developed to enforce a choice-of-law clause).

"New York applies the 'center of gravity' or 'grouping of contacts' choice of law theory" when "a choice of law clause is not dispositive." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 641 (2d Cir. 2016) (citation, quotation marks, and alteration omitted). "Under this approach, the spectrum of significant contacts – rather than a single possibly fortuitous event – may be considered," including: "the places of negotiation and performance; the location of the subject matter; and the domicile or place of business of the contracting parties." *Id.* at 642 (citations and quotation marks omitted); *see also* Restatement (Second) of Conflict of Laws §188 (Am. L. Inst. 1971) ("[T]he contacts to be taken into account . . . include . . . the domicil, residence, nationality, place of incorporation and place of business of the parties.").

The District Court relied on the choice-of-law analysis in *FirstFire* to enforce the choice-of-law provision in this matter. *See DarkPulse*, 2023 WL 6386006, at *4. But the factual allegations in *FirstFire* differ in meaningful ways from the allegations here, leading to a different outcome.

Importantly, the parties in *FirstFire* met in Nevada to negotiate the agreement at issue there. *See* 2023 WL 199196, at *12. By contrast, here the complaint alleges that Crown Bridge and DarkPulse negotiated the note in New York, and is silent as to where the parties executed the note.

Similarly, the complaint alleges: "Crown Bridge negotiated, drafted, transmitted, paid and converted" both the Social Life and RedHawk notes "from within the

6

boundaries of the State of New York." Special App'x at 11, 13. Additionally, although Social Life and RedHawk are incorporated in Nevada, they maintain their principal places of business in other states. *See Dorsey v. Yantambwe*, 715 N.Y.S.2d 566, 570 (N.Y. App. Ct. 2000) (holding that the "domicile" of a corporation is "its principal place of business," as distinct from "the state of its incorporation"). The District Court did not meaningfully grapple with these facts to correctly apply New York law. Instead, the District Court relied on the analysis in *FirstFire* rather than conducting an independent analysis based on the facts alleged in the complaint in *this* case.[3]

In any event, accepting the complaint's allegations as true, and relying solely on those allegations as we must at this stage, it is not clear whether a reasonable relationship exists between the parties, the transaction, and any particular state. It is often true "that choice-of-law determinations are fact-intensive inquiries that would be premature to resolve at the motion-to-dismiss stage." *Bristol–Myers Squibb Co. v. Matrix Lab'ys Ltd.*, 655 F. App'x 9, 13 (2d Cir. 2016) (summary order) (collecting cases). This is such a case. Given the allegations of the complaint, "discovery may well reveal salient facts bearing on the choice-of-law calculus." *Foisie v. Worcester Polytechnic Inst.*, 967 F.3d 27, 43 (1st Cir. 2020). We decline to decide whether incorporation alone is sufficient to establish a party or a transaction's reasonable relationship to a state whose law is provided for in a choice-of-law clause. Rather, as stated *infra*, we vacate and remand because the District Court relied on the analysis in *FirstFire* instead of conducting an independent analysis

---

[3] Because this finding is dispositive of the appeal, we do not address the parties' remaining arguments.

based on the facts alleged in this case. On remand, the scope of the jurisdictional discovery should include whether Social Life and RedHawk chose to incorporate in Nevada in order to benefit from the lack of usury laws in that state.

Accordingly, we **VACATE** the order of the District Court and **REMAND** for proceedings consistent with this Order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court